203 So.2d 630 (1967)
Elsa F. BETTS and Hugh S. Betts, Appellants,
v.
Eva N. FOWELIN, Appellee.
No. 1676.
District Court of Appeal of Florida. Fourth District.
November 10, 1967.
*631 Wallace E. Schulle, of Fisher, Prior, Pruitt & Schulle, West Palm Beach, for appellants.
Irwin L. Langbein, West Palm Beach, for appellee.

UPON MOTION TO DISMISS
WALDEN, Chief Judge.
This cause is presented to us upon a motion to dismiss defendants' appeal.
A brief chronology of the case reveals that a verdict was entered in favor of plaintiff in the amount of $63,660. Yet the final judgment entered was for $63,600. Defendants' motion for a directed verdict or for a new trial was denied on July 20, 1967.
Pursuant to an oral motion by plaintiff, a "corrected final judgment" was entered July 27, 1967, which had the effect of changing the amount to $63,660, thereby conforming to the verdict.
Notice of appeal was filed on September 22, 1967, untimely with respect to the original judgment, but within 60 days of entry of the "corrected final judgment."
Plaintiff moved to dismiss the appeal urging that it is untimely. She contends that the time for appealing the original judgment is not extended by entry of an amended judgment which merely corrects a clerical error.
Florida apparently follows the majority rule that, where a judgment is amended in a material respect, the appeal time runs from the date of the amendment.[1] We have found no Florida case, however, which dealt with the effect of an amended final judgment which changed the original judgment in only a minor, formal matter.
In other jurisdictions a distinction is generally recognized where the amendment relates only to the correction of a clerical or formal error.[2] In such cases the time for *632 appeal runs not from the date of amendment, but from the date of the original judgment.
The test as enunciated in the Minneapolis-Honeywell case, supra note 2, is, we believe, a sound one.
"* * * Thus, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment had been plainly and properly settled with finality."[3]
The Supreme Court of New Jersey, in City of Newark v. Fischer,[4] held an amendment of a certificate of taxation by a county board of taxation from $79,200 to the correct figure of $77,200 did not extend the time for appeal because:
"* * * The making of such a correction for the purpose of having the figures in the judgment comply with the actual assessment did not materially change the judgment nor did it involve any exercise of discretion. The substance of the corrected judgment was exactly the same as the original judgment; the rights or status of the parties were not changed by it."[5]
In the case at hand, the corrected final judgment merely changed the amount of the final judgment from $63,600 to $63,660. Only a clerical error was corrected. The assignments of error were not directed to this $60 item but, instead, alleged trial errors leading to the original judgment.
Thus, the corrected final judgment, as in City of Newark v. Fischer, supra note 4, "did not materially change the judgment nor did it involve any exercise of discretion." Under such circumstances, the time for appeal was not extended by the second judgment, and since the notice of appeal was not timely with respect to the original judgment, plaintiff's motion to dismiss this appeal is hereby granted.
Granted.
CROSS and REED, JJ., concur.
NOTES
[1] Zimmern v. United States, 1963, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118; City of Newark v. Fischer, 1950, 3 N.J. 488, 70 A.2d 733, 21 A.L.R.2d 280. In De Bowes v. De Bowes, 1942, 149 Fla. 545, 7 So.2d 4, the court found timely an appeal from an amended final decree, which appeal was untimely with respect to the original decree. In sum, the holding was that the second decree was a "duly rendered and entered amended final decree made after adversary argument on the duly recognized petition for rehearing which `amended final decree' superseded the prior final decree upon rehearing."
[2] Federal Trade Com'n. v. Minneapolis-Honeywell Regulator Co., 1952, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245; George v. Bekins Van & Storage Co., 1948, 83 Cal. App.2d 478, 189 P.2d 301; City of Newark v. Fischer, 1950, 3 N.J. 488, 70 A.2d 733, 21 A.L.R.2d 280.
[3] Federal Trade Com'n. v. Minneapolis-Honeywell Regulator Co., 1952, 344 U.S. 206, 211-212, 73 S.Ct. 245, 248-249, 97 L.Ed. 245.
[4] City of Newark v. Fischer, 1950, 3 N.J. 488, 70 A.2d 733, 21 A.L.R.2d 280.
[5] Id. at 3 N.J. 492, 70 A.2d 735, 21 A.L.R. 2d 284.