ON MOTION TO DISMISS
PER CURIAM.
This cause is here on appellee’s motion to dismiss this appeal as to appellant Nationwide Mutual Insurance Company. The following is a chronology of the events:
March 2, 1972 — a final judgment was entered by the Circuit Court for Palm Beach County, Florida, against appellant Nationwide Mutual Insurance Company and its insured Beryl Drummond for $12,000.00 plus costs;
March 3, 1972 — a motion was filed by Nationwide Mutual Insurance Company to limit its liability for the amount of the judgment of its supposed policy limits— $10,000.00;
March 3, 1972 — a motion for new trial was filed by Nationwide and Drum-mond;
March 23, 1972 — an amended final judgment was entered which amended the original final judgment by limiting the liability of Nationwide to $10,000.00 (the amended final judgment left untouched the original adjudication as against Drummond);
April 3, 1972 — an order was entered denying appellants’ motion for new trial;
*475 April 17, 1972 — motion to expunge the final judgment of March 2, 1972 on the basis of error;
May 1, 1972 — notice of appeal filed on behalf of Drummond and Nationwide referring only to the final judgment of March 2, 1972;
May 15, 1972 — order denying motion to expunge, and
May 25, 1972 — amended notice of appeal filed on behalf of both defendants purporting to appeal from both the original final judgment of March 2, 1972 and the amended final judgment of March 23, 1972.
The appellee has filed a motion to dismiss on the ground that the second notice of appeal was not timely and the first notice of appeal was directed to a judgment which had been vacated as to appellant Nationwide.
The question is whether or not the original notice of appeal which was filed in the lower court on 1 May 1972 was sufficient to invoke jurisdiction of this court. The answer is in the affirmative. The notice of appeal was timely as to the original final judgment. The original final judgment, although entered on March 2, 1972, was not “rendered” until April 3, 1972, when the motion for new trial was denied. That at the time the original notice of appeal was filed the original final judgment had been amended as to Nationwide, is not relevant to the acquisition of jurisdiction by this court. The original final judgment was still viable. It affected the rights of the appellant Nationwide because it affected Nationwide’s insured, Mr. Drummond.
Additionally, we might consider the facts of this case as analogous to the Betts v. Fowelin situation, Fla.App.1967, 203 So.2d 630. In that case two final judgments were entered. The second final judgment made a minor change in the amount of the original final judgment which was for $63,660.00. The second final.judgment reduced the amount of the judgment to $63,600.00 to correct an error and to conform to the jury verdict. It was held that where successive judgments are entered, and the latter one does not materially change the original judgment and did not involve any exercise of discretion, the time for appeal is counted from the original judgment. It seems to us not too much of a stretch to consider that the amended final judgment here did not make such a significant change in the original final judgment and involve the exercise of such discretion as to start anew the appeal period. It was merely an effort to conform the liability of the insurance carrier to what was thought to be its contractual liability.
For the foregoing reasons we conclude that the notice of appeal is sufficient to activate the jurisdiction of this court. Because it appears from the motion and the oral argument that the appellants have filed or desire to file in the trial court a motion for a further amendment to the final judgment, jurisdiction is relinquished to the trial court for a period of sixty days from the date hereof to dispose of any such motion.
The appellee’s motion to dismiss filed May 24, 1972, is hereby denied.
REED, C. J., and WALDEN and MAGER, JJ., concur.