HURLEY, Judge.
Appellants, plaintiffs below, contest the entry of an adverse summary final judgment. We conclude that the doctrine of res judicata was erroneously applied and, consequently, we reverse.
Appellants Max and Evelyn Rashkin leased certain property to Appellee Pearce for a term of three years, beginning May *542 31, 1973, and ending May 31, 1976. Monthly lease payments were $1,200 plus royalties on milk produced by Pearce and a portion of utility expenses and property taxes. On October 19, 1973, the Rashkins filed suit against Pearce for the rents due since May 31, 1973, milk royalties and utility payments. Judgment was entered in favor of the Rashkins for $24,471. Subsequently, the court denied a motion for rehearing which sought clarification of the periods of time covered by the judgment.
In March, 1977, the Rashkins again filed suit against Pearce for past due rent, milk royalties, utility and tax payments. Pearce filed a motion to dismiss, asserting res judi-cata. The motion was granted, but we reversed in Rashkin v. Pearce, 360 So.2d 1161 (Fla. 4th DCA 1978). On remand, Pearce moved for summary judgment again asserting res judicata; and again, it was granted.
Appellee Pearce maintains that the prior 1973 judgment encompassed the entire lease period because in the first suit the Rashkins sought an adjudication of all monies due and owing from May 31, 1973, through the end of the lease period. However, the final judgment in the first action is silent as to the period for which recovery was allowed. Absent some definite indication to the contrary, we must presume that the trial judge did not grant recovery for the entire lease period, but rather, limited recovery to the period between the inception of the lease and the initiation of the lawsuit, i. e., May 31, 1973 — October 19, 1973.
It is presumed that courts know and act in conformity with the law. Ennis v. Giblin, 147 Fla. 113, 2 So.2d 382 (1941). Furthermore, it is well settled that in the absence of an acceleration clause in a lease, “future rent is demandable only in the amounts and at the times named in the lease [and] the total cannot be recovered at law in a lump sum in advance of the accrual of the installments.” Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346, 348 (1944). See also Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884 (Fla. 5th DCA 1979); Aldridge v. Liberty Air, Inc., 210 So.2d 279 (Fla.3d DCA 1968). We presume that the trial court was aware of this principle and applied it in the 1973 action. This being so, appellants’ present suit is limited to rents and other items which have accrued since the date of the institution of the first suit. Williams v. Aeroland Oil Co., supra. Thus, the subject matter of the two suits is distinct and different and the final judgment in the first action is not res judicata as to the matters now before the court. Accordingly, the final summary judgment entered herein is reversed and the cause is remanded for further proceedings consistent with this opinion.
BERANEK and HERSEY, JJ., concur.