605 So.2d 126 (1992)
FIRST CONTINENTAL CORPORATION, Appellant,
v.
Bashir H. KHAN, Appellee.
No. 91-2641.
District Court of Appeal of Florida, Fifth District.
August 21, 1992.
Rehearing Denied September 28, 1992.
*127 Ronald M. Hand of Hoequist and Hand, Kissimmee, and T. Kevin Knight of Drage, Debeaubien, Knight & Simmons, Orlando, for appellant.
Matt G. Firestone of Akerman, Senterfitt & Eidson, Orlando, for appellee.
GRIFFIN, Judge.
This is the appeal of an amended final judgment entered against appellant, First Continental Corporation ("Tenant"), for breach of a commercial lease, awarding appellee, Bashir Khan ("Landlord"), damages of $52,713.44, interest of $710.53 and court costs of $104.50 for a total of $53,528.47.
On September 17, 1987 Landlord and Tenant entered into a lease commencing on September 1, 1987 and ending on August 31, 1990, with an option for renewal by tenant. The three spaces covered by the lease rented for $3,000 per location and provided for an automatic annual increase of six percent or the current annual percentage increase in the Consumer Price Index, whichever was greater.
On October 3, 1990 Landlord initially filed a two-count complaint in county court, under Chapter 83, Florida Statutes seeking, in count one, eviction of Tenant and, in count two, "double the monthly rent paid during the final month of the term of the lease" per month until Tenant, who was allegedly holding over, vacated the leased premises. Tenant answered on October 11, 1990, alleging it had properly exercised its option to renew and was properly in possession of the property under the renewal term of the lease.
At the close of trial in county court on April 11, 1991, Landlord sought to voluntarily dismiss its double rent claim, apparently recognizing that recovering a judgment for double the approximately $8,000 monthly rent for the previous eight months of holding over was a problem in a court where the jurisdictional limit was $10,000. The court allowed dismissal of the claim, and entered final judgment awarding Landlord possession of the leased locations. The following day, April 12, 1991, Tenant vacated the premises.
A week later, Landlord filed a motion to alter or amend the final judgment, requesting the trial court to add to the judgment that Tenant's possession was not under a bona fide claim of right. The Landlord's purpose for seeking this express finding, which was admittedly irrelevant to the issue of possession, was to prevent Tenant from defending on this basis in Landlord's next action for double rent. Tenant, however, also filed a post-judgment motion for rehearing, arguing that the trial court had erroneously permitted dismissal of the double rent claim. The trial court granted both motions and issued an amended final judgment on May 23, 1991, finding Tenant's possession of the premises after expiration of the lease was not due to a bona fide claim of right, awarding possession to Landlord, rescinding as a nullity the voluntary dismissal of the rent claim, expressly adjudicating Landlord's entitlement to double rent for the period from August 31, 1990 until April 12, 1991, and awarding Landlord part of the September double rent claim in the amount of $10,000, which the county court noted was the limit of its jurisdiction. Landlord did not appeal this judgment.
Meanwhile, on March 8, 1991, Landlord had filed a second suit, this time in circuit court, alleging a breach of the same lease *128 and again requesting "double rent," for the period between August 31, 1990 and February 28, 1991 and thereafter until Tenant surrendered possession. When Tenant failed to file responsive pleadings in this case, apparently due to a clerical error by an employee of Tenant, Landlord obtained a clerk's default. No contact was made with opposing counsel about the failure to respond and no notice of a trial on damages was filed or served. On May 23, 1991, the same day as entry of the amended final judgment in the county court case, Landlord obtained a default final judgment in circuit court simply by filing an affidavit alleging the total amount due for double rent from September 1, 1990 to April 12, 1991 was $109,389.82. Based on this affidavit, a final judgment was entered in circuit court on May 23, 1991 for $109,389.82 principal, $1,687.75 interest and court costs of $104.50, for a total of $111,182.07. The principal amount awarded was the total amount claimed on the affidavit less the $10,000 portion of September rent "to be awarded" in county court.
After being informed of the circuit court's final judgment, Tenant sought to have it vacated. Tenant filed affidavits to establish excusable neglect for failing to answer and asserted there were meritorious defenses to the circuit court action. Tenant attached to its motion a proposed answer and affirmative defenses, alleging res judicata, estoppel by judgment, prior pending identical action and bona fide claim of right. The lower court entered an order denying Tenant's motion finding that, although Tenant's failure to answer did constitute excusable neglect, Tenant had failed to raise any meritorious defense. Tenant filed a motion for rehearing of this ruling and also raised the Landlord's failure to give Tenant notice of the trial on damages. This motion was denied as successive. Tenant did not appeal.
Approximately six weeks later, Tenant filed a Motion for Relief from Judgment, Decree or Order, pursuant to Florida Rule of Civil Procedure 1.540, alleging, among other things, that when the default final judgment was obtained Landlord had failed to advise the court that Tenant had all along paid rent under the lease. Landlord's attorney had thus received over $56,000 of the amounts claimed by Landlord in its affidavit and awarded in the judgment. On November 9, 1991, the lower court granted the Motion for Relief by entering an amended final judgment, reducing nunc pro tunc the amount due under the Default Final Judgment to $53,528.47. Within thirty days thereafter, Tenant filed its notice of appeal of the amended final judgment.
We begin our consideration of this troublesome case by concluding that the lower court erred in refusing to set aside the default judgment. Having sued in county court for double rent for the entire term of holding over, having obtained an adjudication of entitlement to double rent through April 12, 1991, and having obtained a judgment for an amount equal to the jurisdictional limit of the court in which it sought and obtained its double rent judgment, Landlord had no right to sue again for the balance of its rent in another court.
Landlord relies primarily on Rashkin v. Pearce, 400 So.2d 541 (Fla. 4th DCA); rev. denied, 408 So.2d 1095 (Fla. 1981) for the proposition that prior maintenance of a claim for rent due in installments will not bar maintenance of a subsequent action. In Rashkin, like the present case, the demand in the October 1973 complaint was for all rents due since default in payment, which had occurred the previous May. However, unlike the present case, in Rashkin the first judgment failed to identify the period for which rent was adjudged to be due. The appellate court, in reversing a judgment for the tenant in the second action, assumed the first court knew that a claim for future rent, absent an acceleration clause, would be improper, and therefore also assumed the first judgment embraced only the installments due when the complaint was filed. In Rashkin, the subject matter of the two suits was ruled to have been distinct and thus the second suit was not barred. We do not have to reach the premise of Rashkin that the amount awarded on a suit for rent installments cannot exceed the amounts accrued at the *129 time suit was filed[1] rather than when judgment is entered, because the present case is unlike Rashkin, in a more fundamental way. Here, the first judgment contains an express adjudication of entitlement to double rent through April 12, 1991. This adjudication is consistent with the prayer for relief and was not appealed. Landlord was not entitled to file a second suit in circuit court to collect the balance of his judgment.
The more difficult issue raised by this appeal is Landlord's contention that Tenant is not entitled to review of any part of the amended final judgment that does not involve the amendment. Indeed, the amended final judgment contains multiple terms and provisions apparently intended to forestall any effort by Tenant to use the amended judgment to appeal any of the rulings that led up to the original judgment. Tenant contends, however, that entry of an amended final judgment that materially changes the earlier judgment will recommence the time to appeal the judgment. In support of its argument Tenant relies principally on Betts v. Fowelin, 203 So.2d 630, 631 (Fla. 4th DCA 1967). In Betts, the court observed that Florida follows the majority rule that, where a judgment is amended in a material respect, the appeal time runs from the date of the amendment, provided the amendment is material, not minor or formal. Accord, St. Moritz Hotel v. Daughtry, 249 So.2d 27, 28 (Fla. 1971); Janelli v. Pagano, 492 So.2d 796, 796-797 (Fla. 2d DCA 1986); B.G. Leasing, Inc. v. Heider, 372 So.2d 184 (Fla. 3d DCA 1979); Bonura v. Holloway, 334 So.2d 842 (Fla. 4th DCA 1976); Drummond v. Gerwe, 264 So.2d 474 (Fla. 4th DCA 1972); Brick v. Brick, 258 So.2d 7 (Fla. 4th DCA 1971). See generally Annotation, Amendment of Judgment as Affecting Time for Taking or Prosecuting Appellate Review Proceedings, 21 A.L.R.2d 280 (1952). This rule is mainly predicated on the notion that the issuance of an amended judgment supersedes the original judgment and the original judgment ceases to exist for any purpose, including appellate review.
Although this "general rule" appears simple enough, its application is far from simple. Indeed, although the rule is referred to in the several Florida cases cited above, it has actually been applied in only one of these. St. Moritz Hotel, 249 So.2d at 29. Also, reference to the A.L.R.2d annotation cited as authority by the Betts court for the "general rule" demonstrates that the rule is not at all uniform and is subject to many exceptions. Annotation, supra, at 287. One of the key limitations many courts place on the rule is that the procurement of the modification or amendment of a judgment by an appellant will not operate to extend the time within which he may appeal from the original judgment. Annotation, supra, at 304. No Florida case cited to us, or that we have found, has ever authorized an extension of time to appeal issues determined in an original judgment based upon entry of an amended judgment procured by or favorable to the appellant.
In St. Moritz, the supreme court briefly discussed the issue presented in this case. The St. Moritz court found it "significant" that the application for review of the amended order was directed solely to alleged errors in the amended order. In a footnote, the court observed that no prejudice would accrue to an appellant from an amended judgment[2] if appellant had no quarrel with the amended judgment but was only concerned with alleged errors in the first judgment. St. Moritz, 249 So.2d at 29, n. 1. The supreme court also noted that the Betts court, in denying the appeal in that case, relied in part on the fact that *130 appellant had only raised trial errors leading to the first judgment. Id.
Reference to the decisions of other states is unsatisfactory because rules of civil and appellate procedure vary so widely among jurisdictions. See, e.g., Wilson v. Leck's 66 Service Station, 513 So.2d 620 (Ala. Civ. App. 1987); Matuszewski v. Pancoast, 38 Ohio App.3d 74, 526 N.E.2d 80 (1987). Even so, other courts in analogous circumstances have also considered whether the party seeking review is adversely affected by the amended judgment as opposed to the original judgment. In some cases the question is framed in terms of whether the amendment is "material" in the sense that it adversely affects the rights of the appellant. See Matter of Marriage of Mullinax, 292 Or. 416, 639 P.2d 628, 637 (1982). See also E.C.I. Corp. v. G.G.C. Co., 306 Minn. 433, 237 N.W.2d 627, 629 (1976) (the time to appeal an issue begins to run anew from a modification of a judgment when an issue sought to be raised on appeal was for some reason not appealable before the modification).
A purely mechanical application of the rule that entry of an amended judgment recommences the time for appeal does have the virtue of simplicity. Also, limiting appeal of amended judgments to certain issues only, and determining the appealability of an amended judgment by gauging which party is adversely affected by the amendment, can present substantial difficulties in many contexts that are easily imagined. We agree with our sister court in Oregon that "there are problems with either answer." Lee v. Magnuson, 62 Or. App. 400, 660 P.2d 1095, 1097 n. 2 (1983).
Nevertheless, Florida has a clear procedure for suspension of rendition of a judgment, and rule 1.540 proceedings are conspicuously absent. Fla.R.App.P. 9.020(g). It seems inimical to the desirable goal of finality of judgments and inconsistent with Florida's scheme of appeals to permit recommencement of the time to appeal any aspect of a judgment for a year or more by means of a rule 1.540(b) amendment.[3] Appeal of such an amended final judgment should be limited to the party adversely affected by the amendment and should involve only those issues affected by the amendment. Although such a limitation forecloses relief on an issue we believe has merit in the present case, it is not an unfairly prejudicial limitation to an appellant, like Tenant in this case, who had the opportunity to timely appeal the judgment that affected it adversely but elected not to do so.
AFFIRMED.
W. SHARP, and HARRIS, JJ., concur.
NOTES
[1] Landlord urged it was obliged to sue for rent in county court; however, at the moment the Landlord filed suit in county court on October 3, 1990, the accrued rent claim already exceeded the county court's jurisdiction. As discussed infra, Tenant tendered the monthly rent for September, October and successive months; however, at the time suit was filed, all such tenders of rent had been refused. Landlord did not agree to accept the monthly rent until much later.
[2] Presumably the court refers to prejudice that would warrant recommencing the time for appeal.
[3] We acknowledge appellant's other argument that it is, in effect, appealing the amended final judgment to the extent the amended final judgment refused to set aside the balance of the original judgment. Part of the reason for assertion of this argument is unnecessary because we have considered the amended final judgment to be a new judgment notwithstanding the court's limiting language. Nevertheless, because we conclude all aspects of the original judgment not appealed were final thirty days after rendition, it makes no difference to the outcome. We reject appellant's argument that the court set aside the default judgment and allowed the setoff defense but then erred in refusing to allow assertion of additional defenses. This is not what the lower court did and it would not have been permissible had he done so.