829 So.2d 961 (2002)
BEAL BANK, S.S.B., INC., Appellant,
v.
Irwin J. and Marcia M. SHERWIN, Appellees.
No. 4D02-1196.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Steven L. Brannock, Brian A. McDowell, and Suzanne E. Gilbert, of Holland & Knight, LLP, Orlando, for appellant.
*962 Charles Wender, Boca Raton, for appellees.
PER CURIAM.
Beal Bank appeals from an amended final judgment entered on its motion for relief from judgment. We affirm.
The bank filed an action to foreclose on certain mortgages. The trial resulted in a final judgment, dated September 20, 2001, which dismissed the bank's claim with prejudice. The bank untimely filed a motion for rehearing on October 3, 2001. The trial court denied the motion by an order dated October 17, 2001.
The bank appealed the final judgment and order denying its motion for rehearing. The appellees in that appeal moved to dismiss or strike the appeal as untimely because the motion for rehearing was served more than ten days from entry of the final judgment and therefore did not toll the time for filing an appeal. This court dismissed the appeal.
Subsequently, the bank filed a motion for relief from judgment, pursuant to rule 1.540, Fla. R. Civ. P. The bank argued that it had not received a copy of the final judgment of dismissal in sufficient time to file its motion for rehearing in a timely manner and that the trial court had granted unrequested relief in the final judgment. The trial court heard the motion and entered an amended final judgment which favorably addressed the bank's claim. The bank filed this appeal. In this appeal, the bank seeks to raise issues related to the original final judgment from which it untimely appealed. This it cannot do.
Rule 1.540 is designed for the correction of clerical mistakes and to provide a mechanism for relief from judgments, decrees, orders and proceedings under certain articulated and limited circumstances. It is not a substitute for a timely appeal. Barnett v. Barnett, 718 So.2d 302 (Fla. 2d DCA 1998); A.W. Baylor Plastering, Inc. v. Mellon Stuart Co., 611 So.2d 108 (Fla. 5th DCA 1992). The bank simply cannot use the rule to overcome its failure to timely challenge the original final judgment.
We agree with the view articulated by the Fifth District Court of Appeal in First Cont'l Corp. v. Khan, 605 So.2d 126 (Fla. 5th DCA), rev. denied, 613 So.2d 3 (Fla.1992). An appeal from "an amended final judgment should be limited to the party adversely affected by the amendment and should involve only those issues affected by the amendment." Id. at 130.
The amended final judgment in this case merely corrected the trial court's mistake in going beyond the relief requested by the parties, and is favorable to the bank. The bank is therefore foreclosed from raising those issues related to the entry of the original final judgment.
The amended final judgment is affirmed.
POLEN, C.J., HAZOURI and MAY, JJ., concur.