876 So.2d 649 (2004)
Lewis P. CHURCHVILLE and Mary Lavern Churchville, Appellants,
v.
OCEAN GROVE R.V. SALES, INC.; Century American Casualty Company; Damon Corporation; Reliance Insurance Company; General Motors Corporation, Appellees.
No. 1D04-0417.
District Court of Appeal of Florida, First District.
June 18, 2004.
*650 N. Albert Bacharach, Jr. and Chigozie H. Offor, Gainesville, for Appellants.
W. Scott Powell of Roth, Powell, Pearson, & Hosley, P. A., Winter Park; Charles P. Mitchell of Rumberger, Kirk and Caldwell, P.A., Orlando; Geoffrey B. Dobson of Dobson & Christensen, St. Augustine; and Melissa Dawn Munroe, Orlando, for Appellees.
PER CURIAM.
Having considered "Appellee Damon Corporation's Motion to Dismiss Appeal," which included a motion for sanctions pursuant to section 57.105, Florida Statutes, as well as "Appellants' Response to Appellee Damon Corporation's Motion to Dismiss," we find that the Court lacks jurisdiction to review the "Ex Parte Final Judgment," entered on March 22, 2004, and that the appellee is entitled to attorney's fees incurred subsequent to the appellants' March 24, 2004 Amended Notice of Appeal.
The appellants initially brought this appeal to review a post-judgment order on a motion for relief from judgment. However, the basis for asserting the Court's jurisdiction was unclear and on February 11, 2004, the Court issued an order to show cause to determine the proper avenue for review. The appellants responded to this order on February 26, 2004.
In the appellants' response, they avoided the jurisdictional question presented in the show cause order and instead asserted that the order underlying their motion for relief, titled "Final Order Granting Defendants Damon/Reliance's 9/8/03 Motion to Dismiss for Lack of Prosecution," entered on October 28, 2003, was not a final appealable order. The appellants further failed to comply with the Court's order which required the appellants to attach copies of any pleading or document referenced in the response. However, the appellants suggested that the jurisdictional deficiency in the previous order, i.e., an order that merely grants a motion to dismiss without more is not final, could be corrected by obtaining a final order and the appeal could proceed from that order. Therefore, the appellants requested time to obtain such a final order.
On March 9, 2004, the Court again ordered the appellants to respond to the Court's concerns regarding its jurisdiction or to file an amended notice of appeal correctly identifying the final order on appeal. The appellants subsequently obtained an "Ex Parte Final Judgment," entered on March 22, 2004, which entered judgment on "Damon Corporation/Reliance Insurance Company's 9/8/03 Motion *651 To Dismiss Pursuant to Fla. R. Civ. P. 1.420(e)." On March 24, 2004, the appellants filed an amended notice of appeal identifying this final judgment as the order on appeal.
On March 31, the appellee, Damon Corporation, filed a motion to dismiss, which also sought sanctions pursuant to Section 57.105, Florida Statutes. The appellee argued that in an attempt to circumvent an expired appeal deadline, the appellants deliberately failed to comply with the Court's orders to show cause and proceeded instead down an improper path with the trial court. The appellee attached to this motion, inter alia, a conformed copy of the "Final Order Granting Defendants Damon/Reliance's 9/8/03 Motion to Dismiss for Lack of Prosecution," entered on October 28, 2003. The appellants filed a response in which they assert that the October 28, 2003 order was not a final appealable order, but that the March 22, 2004 order "that contained the exact language as the October 28, 2003 Order" was final and appealable.
An amendment or modification of an order or judgment in an immaterial, insubstantial way does not restart the clock to file an appeal. See St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971); Maxfly Aviation Inc. v. Capital Airlines Ltd., 843 So.2d 973 (Fla. 4th DCA 2003). Even where the modification is substantial or material, but is entirely in the appellant's favor, the appellant may not rely on this order to obtain an appeal of the issues decided adversely to the appellant in the earlier Final Judgment. Beal Bank, S.S.B. Inc. v. Sherwin, 829 So.2d 961 (Fla. 4th DCA 2002); First Continental Corp. v. Khan, 605 So.2d 126 (Fla. 5th DCA 1992). The "Final Order Granting Defendants Damon/Reliance's 9/8/03 Motion to Dismiss for Lack of Prosecution," entered on October 28, 2003, is a final order from which the appellants failed to timely appeal or to move the lower court for rehearing. The October 28, 2003, order stated:
As against Defendants Damon and Reliance, this action is hereby dismissed with prejudice. Plaintiffs shall take nothing from Defendants Damon and Reliance, who shall go hence without day.
This order decided all the issues that subsequently were included in the March 22, 2004 order. Therefore, the subsequent order was merely a republication of the previous order and did not revive the appellants' time to file an appeal. Accordingly, this appeal must be dismissed as untimely.
An award of appellate attorney's fees against the appellants is appropriate in this case to cover the attorney's fees incurred by the appellee, Damon Corporation, subsequent to the appellants filing their Amended Notice of Appeal, on March 24, 2004. See § 57.105(1) Fla. Stat. (2003); Freedom Commerce Centre Venture v. Ranson, 823 So.2d 817 (Fla. 1st DCA 2002) (granting appellate attorney's fees where appeal would have been completely unnecessary had the offending party recognized the correct state of the law); Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414 (Fla. 1st DCA 2002) (finding no merit to the appeal and awarding appellate attorney's fees against appellant). The appellants' Amended Notice of Appeal asserts that the order identified as the order on appeal was an appealable final order. This assertion allowed the appellants to proceed and required the appellee to defend against this appeal. However, the appellants knew or should have known, when they presented this claim to the Court that it was factually and legally without merit. This is clearly shown in the appellants' response to the motion to dismiss in which the appellants continue to argue that the order was nonfinal when it was originally *652 entered, but the exact language in the subsequent order was sufficient to render the order final.
In conclusion, we dismiss this appeal for lack of jurisdiction and grant the appellee's motion for appellate attorney's fees. On remand the trial court shall determine the proper amount of the fees for handling this appeal after the appellants filed their amended notice of appeal.
DISMISSED.
WOLF, C.J., ERVIN and VAN NORTWICK, JJ., concur.