951 So.2d 937 (2007)
Jeffrey ALVARADO, Petitioner,
v.
WACKENHUT CORPORATION and Gallagher Bassett Services, Inc., Respondents.
No. 1D06-6001.
District Court of Appeal of Florida, First District.
March 6, 2007.
*938 Robert L.H. Rampil, Miami, and Jay M. Levy of Jay M. Levy, P.A., Miami, for Petitioner.
David P. Carugati of Hinshaw & Culbertson, LLP, Miami, for Respondents.
PER CURIAM.
Claimant petitions for certiorari review of an order of the Judge of Compensation Claims ("JCC") appointing a neuropsychologist as an expert medical advisor ("EMA"). Because a neuropsychologist cannot serve as an EMA, we grant the petition and quash the order.
The JCC in this case was presented with conflicting testimony from two neuropsychologists concerning whether Claimant's work-related accident caused any neurological dysfunction. The E/C filed a motion seeking the appointment of a neuropsychologist as an EMA and the JCC granted the motion. Claimant now seeks certiorari review of this order.
When an appellate court reviews a non-appealable, non-final order, the petitioner must demonstrate that the order departs from the essential requirements of the law and that the resulting harm is irreparable and cannot be remedied on appeal of the final order. Chavez v. J & L Drywall & Travelers Ins. Co., 858 So.2d 1266, 1268 (Fla. 1st DCA 2003). Claimant has established that he will suffer irreparable harm not remedial on appeal from this order because Claimant will have to undergo an invasive examination over his objection. Taylor v. Columbia/HCA Doctors Hosp., 746 So.2d 1244, 1245 (Fla. 1st DCA 1999).
It was proper for the JCC to order the appointment of an EMA in this case because there was a disagreement in opinion between health care providers. § 440.13(9)(c), Fla. Stat. (2002); Broward Children's Ctr., Inc. v. Hall, 859 So.2d 623, 627 (Fla. 1st DCA 2003) (holding that "the clear intent of section 440.13(9)(c) is to require participation of an expert medical advisor in every case where a disagreement exists between healthcare providers.") However, the JCC departed from the essential requirements of the law by ordering the appointment of a neuropsychologist as an EMA.
Florida Administrative Code Rule 59A-30.002(10) (2006) defines an EMA as a "physician." Section 440.13(1)(r), Florida Statutes (2002), defines a physician as a person "licensed under chapter 458, an osteopathic physician licensed under chapter *939 459, a chiropractic physician licensed under chapter 460, a podiatric physician licensed under chapter 461, an optometrist licensed under chapter 463, or a dentist licensed under chapter 466, each of whom must be certified by the division as a health care provider." A neuropsychologist is not included in this narrow definition of physician; thus, a neuropsychologist may not serve as an EMA.
Accordingly, we grant the petition for writ of certiorari, quash the order appointing a neuropsychologist, and remand for the appointment of a physician to resolve the dispute in this case.
DAVIS, PADOVANO, and HAWKES, JJ., concur.