980 So.2d 1226 (2008)
Mary CALDWELL, Petitioner,
v.
WAL-MART STORES, INC. and Sedgwick/CMA, Respondents.
No. 1D07-4359.
District Court of Appeal of Florida, First District.
May 5, 2008.
*1227 L. Anton Rebalko, Coral Springs, for Petitioner.
Michael Goldstein and Laurence F. Leavy of Laurence Leavy & Associates, Ft. Lauderdale, for Respondents.
PADOVANO, J.
Mary Caldwell, the claimant in a workers' compensation case, seeks review by certiorari of an order by the Judge of Compensation Claims directing her to submit to an independent medical examination. We conclude that the petition is untimely and therefore ineffective to confer jurisdiction on this court. Accordingly, we dismiss the petition.
The claimant was injured at work and she sought to recover permanent and total disability benefits from her employer, Wal-Mart Stores, Inc., and its insurance carrier. Wal-Mart informed the claimant that it had selected Dr. Christopher Brown as an independent medical examiner. The evaluation was to take place on November 20, 2006, but the claimant failed to keep the appointment. Wal-Mart then rescheduled the examination for January 11, 2007, but, once again, the claimant failed to attend. Subsequently, the claimant's counsel wrote to Wal-Mart's counsel expressing his concern that the employer did not have a right to schedule the claimant for an independent medical examination.
When it became apparent that the claimant would not go to Dr. Brown's office voluntarily, Wal-Mart filed a motion compelling her to submit to an independent medical examination. A hearing was held on the motion, and on February 28, 2007, the Judge of Compensation Claims entered an order compelling the claimant to submit to the examination with Dr. Brown. The claimant did not seek review of this order, nor did she obey it.
With the benefit of the order, Wal-Mart's counsel notified the claimant's attorney in writing that the examination had been rescheduled for March 29, 2007. Shortly after this notice was given, counsel sent a second letter as a reminder of the appointment. No objection was made to the examination or the proposed date, but the claimant failed to appear yet again. As a consequence, Wal-Mart was obligated to pay Dr. Brown for the missed appointment.
Wal-Mart filed a motion for sanctions on April 25, 2007, in which it sought to enforce the original order and to recover costs and attorney's fees against the claimant for her disobedience of the order. Subsequently, on May 22, 2007, the claimant filed a motion styled as a "Motion for Reconsideration of Order Entered February 28, 2007." In this motion, she alleged that Dr. Brown was a known advocate for the insurance industry and she argued that the judge had erred by granting Wal-Mart's motion without conducting an evidentiary hearing. Wal-Mart responded by pointing out that the request for reconsideration, coming as it did nearly three months after the judge's order, was untimely.
During the hearing on the motion, the claimant's attorney informed the judge that he had discovered new information that changed his argument on the claimant's duty to submit to the examination. He said that he learned only recently that Wal-Mart had access to a report by another *1228 medical professional, Dr. Elizabeth Ciano, regarding the claimant's medical condition. He argued that this report was the equivalent of an independent medical examination and that the employer was not entitled to another one. Wal-Mart argued that the report was merely a peer review and that it did not qualify as an independent medical examination.
The judge entered an order on July 25, 2007, denying the claimant's motion for reconsideration. He concluded that the motion merely restated the arguments made in response to the original motion to compel the examination and noted that he had fully considered and rejected those arguments before. The judge also rejected the new argument raised for the first time in the motion for reconsideration, that Dr. Ciano's previous evaluation qualified as Wal-Mart's opportunity for an independent medical examination.
The claimant sought review by certiorari in this court to challenge the July 25, 2007 order denying her motion for reconsideration. We issued an order directing her to show cause why the petition should not be dismissed for lack of jurisdiction. She responded to the order but has not shown that this court has jurisdiction to issue a writ of certiorari in the circumstances presented here.
Although the claimant states that she is seeking review of the July 25, 2007 order, the ruling that is the subject of her petition was made much earlier. Whether the claimant is obligated to submit to an independent medical examination is an issue that was settled on February 28, 2007, by the order granting Wal-Mart's motion to compel the examination. If the claimant believed that the judge had departed from the essential requirements of the law in making that decision, she should have filed a petition for writ of certiorari then.
It is too late now to seek review of the order granting Wal-Mart's motion to compel the examination. Rule 9.100(c)(1) of the Florida Rules of Appellate Procedure provides that a petition for writ of certiorari shall be filed within thirty days of the date of rendition of the order. This is not merely a matter of procedure; the time for seeking review by certiorari is jurisdictional. See Jones v. Cannon, 750 So.2d 108 (Fla. 1st DCA 1999); Excel Auto Group, Inc. v. Ford Motor Credit Co., 777 So.2d 1187 (Fla. 5th DCA 2001). As with an untimely notice of appeal, an untimely petition for writ of certiorari is ineffective to confer jurisdiction on the appellate court.
The claimant's motion for reconsideration did not extend the time for seeking review of the original order for several reasons. First, a motion for reconsideration is not an authorized motion under the Rules of Procedure for Workers' Compensation Adjudications. Second, the motion was untimely even if it had been properly styled as a motion for rehearing. Rule 60Q-6.122(1) of the Workers' Compensation Rules provides that a motion for rehearing "shall be filed and served within 10 days from the date of the order sought to be reviewed." Third, a motion for rehearing in a workers' compensation case, unlike a motion for rehearing in a civil case, does not suspend the date of rendition of the order to which it was directed. On this point, Rule 60Q-6.122(3) states that a motion for rehearing "does not toll the time within which an order becomes final or an appeal may be filed." See Martin v. Walmart Dist., 917 So.2d 346 (Fla. 1st DCA 2005).
The petition for writ of certiorari was filed within thirty days from rendition of the July 25, 2007 order, but that order merely reaffirmed the court's earlier ruling that the claimant is required to submit *1229 to an independent medical examination. An untimely appeal cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of the more recent order. See Gen. Motors Corp. v. Strickland, 913 So.2d 1227 (Fla. 1st DCA 2005); Wegner v. Schillinger, 921 So.2d 854 (Fla. 4th DCA 2006); Maxfly Aviation Inc. v. Capital Airlines Ltd., 843 So.2d 973 (Fla. 4th DCA 2003). Of course, the same is true of the jurisdictional time period for seeking review by certiorari.
The dissent characterizes the more recent order as an "amended order." However, as a general principle, the rendition of an amended order does not extend the time for seeking appellate review of the original. See Churchville v. Ocean Grove R.V. Sales, Inc., 876 So.2d 649 (Fla. 1st DCA 2004); DeGale v. Krongold, Bass & Todd, 773 So.2d 630 (Fla. 3d DCA 2000). It is true that a party may appeal an amended judgment that makes a material change in the original judgment, but even then, the appeal is limited to the amended portions of the judgment and does not call up for review errors in the original. See Beal Bank S.S.B., Inc. v. Sherwin, 829 So.2d 961 (Fla. 4th DCA 2002); First Cont'l Corp. v. Khan, 605 So.2d 126 (Fla. 5th DCA 1992). In the present case there was no material change. The court rejected a belated argument that Wal-Mart already had an opportunity for an independent medical examination, but the order remained unchanged. The court denied the motion for reconsideration and, as it had before, ordered the claimant to submit to the examination.
Several other matters were addressed in the July 25, 2007 order, but there has been no showing that any other ruling made in the order is subject to interlocutory review by certiorari. The judge awarded attorney's fees as a sanction and warned the claimant that her petition for benefits might be dismissed if she failed again to submit to the medical examination. These issues can be addressed on appeal from the final order. In any event, the main argument made in the petition in this case is that the claimant should not be required to submit to the examination. As we have explained, the time to seek interlocutory review on that point has passed.
For these reasons, we conclude that the petition for writ of certiorari must be dismissed for lack of jurisdiction.
Dismissed.
WEBSTER, J., concurs.
POLSTON, J., dissents with opinion.
POLSTON, J., dissenting,
Petitioner Mary Caldwell, the claimant in the workers' compensation proceedings below, petitions this court for a writ of certiorari, seeking review of the court's non-final Order on Claimant's Motion for Reconsideration and Employer/Carrier's Motion for Sanctions, which, in relevant part, orders petitioner to submit to an Independent Medical Evaluation (IME). Petitioner argues the Judge of Compensation Claims (JCC) erred in compelling her to attend the IME because Respondents Wal-Mart Stores, Inc. and Sedgwick/CMS, the Employer and Insurance Carrier (E/C) respectively, have already obtained an IME of petitioner's work-related injury, performed by Dr. Elizabeth Ciano. I agree with petitioner that the JCC erred in treating Dr. Ciano's report as a "peer review." Accordingly, I would grant certiorari and quash the JCC's order to the extent the court found that Dr. Ciano's evaluation is a peer review. I respectfully dissent.

*1230 I. Background
On March 18, 2003, petitioner, then a Wal-Mart employee, suffered a compensable injury to her right shoulder and lower back during the course and scope of her employment. Beginning in March 2004, respondents authorized Dr. Daniel Rosenthal as petitioner's treating physician and care provider.
On October 3, 2006, petitioner filed a Petition for Benefits, seeking permanent total disability (PTD) benefits. Respondents dispute that petitioner is entitled to PTD benefits, asserting that she is not permanently and totally disabled, and can return to work in some capacity. Accordingly, respondents have tried a number of times to schedule petitioner for an IME with Orthopedic Spine Specialist, Dr. Christopher Brown. Respondents scheduled the exam three times; petitioner failed to appear for each exam. Consequently, on January 19, 2007, respondents filed a Motion to Compel Orthopedic IME. On February 28, 2007, the JCC granted the motion and entered an order compelling petitioner to attend the IME.
While their Motion to Compel was pending before the JCC, respondents consulted with a second physician, Dr. Elizabeth Ciano, regarding petitioner's injury. On February 9, 2007, Dr. Ciano prepared an eight-page written report summarizing petitioner's treatment history since her accident in March 2003, and providing recommendations for her future treatment and care. Petitioner contends Dr. Ciano's report is essentially an IME of her work-related injury. She asserts Chapter 440, Florida Statutes, permits the employer and insurance carrier one IME, and thus, given Dr. Ciano's evaluation, respondents are no longer entitled to have petitioner examined by Dr. Brown. In contrast, respondents argue Dr. Ciano's evaluation is a "peer review," pursuant to section 440.13, Florida Statutes, and not an IME.
On July 25, 2007, the JCC entered the instant non-final Order on Petitioner's Motion for Reconsideration and Employer/Carrier's Motion for Sanctions. The JCC found Dr. Ciano's evaluation of petitioner was a peer review, and not an IME. Thus, the court ordered petitioner to submit to an IME with Dr. Brown. Petitioner currently seeks certiorari review of the JCC's order.

II. Analysis
Initially, I would hold that we have jurisdiction to issue a writ of certiorari in these circumstances. "For a nonfinal compensation order to be reviewable by certiorari, a party is required to demonstrate that the order: (1) constitutes a departure from the essential requirements of law; (2) would cause material harm; and (3) could not be adequately remedied by appeal." Diestel v. Winfrey Plumbing, Inc., 668 So.2d 283, 284 (Fla. 1st DCA 1996). We have previously held certiorari review is appropriate to review a non-final order compelling a claimant in workers' compensation proceedings to attend an IME. See Zabik v. Palm Beach County Sch. Dist., 911 So.2d 858, 859 (Fla. 1st DCA 2005) ("Certiorari review lies if the JCC orders a psychiatric IME without statutory authority."); Alvarado v. Wackenhut Corp., 951 So.2d 937, 938 (Fla. 1st DCA 2007) ("Claimant has established that he will suffer irreparable harm not [remediable] on appeal from this order because Claimant will have to undergo an invasive examination over his objection.").
Because the JCC's Order on Claimant's Motion for Reconsideration and Employer/Carrier's Motion for Sanctions addresses the newly raised argument that the IME had already been performed and a second IME was not authorized, claimant may seek certiorari review of that portion *1231 of the order. The claimant filed the motion for reconsideration prior to discovering the existence of Dr. Ciano's report. At the motion hearing, claimant raised her argument for the first time that Dr. Ciano's report constitutes an IME so that a second IME by Dr. Brown was not authorized. Claimant's argument is essentially a motion to cancel a second IME, an issue that is materially different from the first ruling. Cf. Watkins Eng'rs & Constructors v. Wise, 698 So.2d 294 (Fla. 1st DCA 1997) (holding in part that the JCC properly denied the E/C's motion for a second IME, because the E/C had already obtained an IME, and noting "[t]he statute would have permitted a second IME only if the E/C had detected an `aspect of the employee's illness' which was outside Dr. McGregor's field and otherwise within that of Dr. Witorsch"). After supplemental briefing from the parties on the issue, the JCC denied claimant's motion for reconsideration and also denied claimant's request made at the hearing to avoid the second IME.
The instant case is analogous to cases where a court issues an amended final judgment, and a party seeks to appeal the new issues resolved therein. In such cases, the District Courts have held that the entry of an amended judgment does not extend the time to appeal issues determined in the original judgment; instead, "[a]ppeal of such an amended final judgment should be limited to the party adversely affected by the amendment and should involve only those issues affected by the amendment." Id. See e.g., First Cont'l Corp. v. Khan, 605 So.2d 126, 130 (Fla. 5th DCA 1992) (holding that an amended judgment does not extend the time to appeal issues determined in the original judgment; rather "[a]ppeal of such an amended final judgment should be limited to the party adversely affected by the amendment and should involve only those issues affected by the amendment"); Beal Bank, S.S.B., Inc. v. Sherwin, 829 So.2d 961 (Fla. 4th DCA 2002) (same).
Petitioner argues that an IME had already been performed by Dr. Ciano and an IME by Dr. Brown would be the second IME. A second IME may only be ordered under more stringent circumstances than the first. See § 440.13(5)(b), Fla. Stat. (2007); Roberts v. Ben Hill Griffin, Inc., 629 So.2d 236, 238 (Fla. 1st DCA 1993). Therefore, the JCC's second order authorizing the IME was a material change from the first, contrary to the majority's opinion.
Turning to the merits, I agree with petitioner that the JCC erred in finding Dr. Ciano performed a peer review. Section 440.13(1), Florida Statutes, defines a "peer review" as "an evaluation by two or more physicians licensed under the same authority and with the same or similar specialty as the physician under review, of the appropriateness, quality, and cost of health care and health services provided to a patient, based on medically accepted standards." § 440.13(1)(q), Fla. Stat. (2002).
Dr. Ciano's report shares none of the characteristics of a peer review. Respondents suggest Dr. Ciano performed a peer review of petitioner's authorized physician, Dr. Rosenthal. However, the definition of a peer review requires that it be conducted by "two or more physicians licensed under the same authority and with the same or similar specialty as the physician under review." Dr. Ciano's report is the only report which has been disclosed to date, and there is no evidence in the record to show that she is licensed in the same field as Dr. Rosenthal. Moreover, Dr. Ciano does not review the necessity, the quality, or the cost of Dr. Rosenthal's treatment of petitioner. She expresses no opinion as to the appropriateness of Dr. Rosenthal's treatment, nor does she recommend that *1232 any of petitioner's current treatments be discontinued. Rather, Dr. Ciano evaluates whether petitioner's injury renders her totally disabled, and unable to return to work. Accordingly, she opines that petitioner can "return to work in a more sedentary capacity, such as performing clerical duties," subject to certain restrictions.
Petitioner urges this court to hold that Dr. Ciano's report is an IME, and consequently, to quash the JCC's order compelling petitioner to attend an IME with Dr. Brown, because Florida only allows the employer and insurance carrier to request one IME. However, in the proceedings below, the JCC did not reach this issue. Rather, the court found Dr. Ciano's report was a peer review, and did not consider whether her report was an IME. Thus, I would decline to reach the issue. Cf. Rojas v. United Sheet Metal, 832 So.2d 174, 175-176 (Fla. 1st DCA 2002) ("Because the JCC did not reach the issue of whether there is a causal connection between a work-related injury and a resulting wage loss . . . we do not reach that issue.").
Therefore, I would grant certiorari, quash the JCC's order to the extent the court found that Dr. Ciano's evaluation is a peer review, and remand for further proceedings. I respectfully dissent.