WARNER, J.
The purchaser at a mortgage foreclosure sale appeals an order granting the defendant homeowner’s motion to vacate final judgment of foreclosure and directing the clerk to vacate, the certificate of sale and certificate of title. Because the motion did not allege proper grounds for relief pursuant to Florida Rule of Civil Procedure 1.540, which grounds should have been raised in an appeal from the final judgment and were already addressed in a prior motion, we reverse for reinstatement of the final judgment, certificate of sale, and certificate of title.
Regions Bank, which has joined in the purchaser’s appeal, filed a foreclosure action against appellee and homeowner Perez. A clerk’s default was entered against her. Over a year later, an attorney entered an appearance on behalf of Perez. The court entered an order setting the trial which expressly stated that no motions would be entertained at trial. The Bank moved to continue the trial due to loss mitigation efforts, which motion was granted, but a second motion to continue filed by the Bank was not heard prior to trial.
At trial, no one appeared for Perez. The Bank moved to continue the trial, which the trial court denied, as the case had already been continued twice. The Bank’s attorney tried to reach Perez’s attorney, without success. The court entered final judgment foreclosing the mortgage and setting a trial date. The final judgment was served on Perez’s attorney. No motion for rehearing or appeal from the final judgment was filed.
The day prior to the sale, Perez moved to cancel the sale. She alleged that the Bank’s motion for continuance of the trial had not been heard and that loss mitigation efforts were continuing which are mandated by federal regulations. The trial court denied the motion, and the sale proceeded. The clerk issued a certificate of sale and certificate of title to the purchaser. Within the time allowed, Perez filed an objection raising the same two issues, namely the failure to continue'the trial and the loss mitigation process. The trial court denied this motion on September 15, 2015. No appeal was taken of these post judgment orders.
Finally, in December 2015, Perez filed a motion for relief from final judgment, again alleging that federal regulations mandated the loss mitigation proce *694 dures and that the Bank’s motion for continuance should have been granted since it was agreed to by Perez. She claimed that the denial of the motion was an abuse of judicial discretion and was tantamount to mistake or excusable neglect under the rule. At the hearing on the motion for relief, no testimony was taken, nor was the motion sworn. A successor judge to the original trial judge heard the motion and granted it, vacating both the final judgment, the certificate of sale, and the certificate of title. This appeal follows.
We review de novo the application of facts to the law in this appeal of a motion to vacate the final judgment. See Corporacion Aero Angeles, S.A. v, Fernandez, 69 So.3d 295, 298 (Fla. 4th DCA 2011).
Rule 1.540(b)(1) allows a court to relieve a party from a final judgment because of “mistake, inadvertence, surprise, or excusable neglect.” As we said in Beal Bank, S.S.B., Inc. v. Sherwin, 829 So.2d 961, 962 (Fla. 4th DCA 2002):
Rule 1.540 is designed for the correction of clerical mistakes and to provide a mechanism for relief from judgments, decrees, orders and proceedings under certain, articulated and limited circumstances. It is not a substitute for a timely appeal. Barnett v. Barnett, 718 So.2d 302 (Fla. 2d DCA 1998); A.W. Baylor Plastering, Inc. v. Mellon Stuart Co., 611 So.2d 108 (Fla. 5th DCA 1992). The bank simply cannot use the rule to overcome its failure to timely challenge the original final judgment.
(Emphasis added). E'ven Perez acknowledges that her allegations amount to judicial error. These are issues which could have been raised in an appeal from the final judgment or from the order confirming the sale over objections on these very grounds. These issues do not constitute mistake or excusable neglect remediable through 1.540 relief. See Pompano Atlantis Condo. Ass’n, Inc. v. Merlino, 415 So.2d 153, 154 (Fla. 4th DCA 1982) (“This rule only envisions ‘mistakes’ made in the ordinary course of litigation and does not contemplate judicial error.”).
The motion for relief from final judgment did not allege any facts upon which relief under those provisions could be granted. And the same issues were raised and decided in the motion to vacate the certificate of sale and certificate of title. Perez is not entitled to additional rulings on the same issues.
The orders vacating the final judgment, the certificate of sale, and certificate of title are reversed with directions to reinstate the final judgment and certificates of sale and title.
TAYLOR and LEVINE, JJ., concur.