# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2017.

This Opinion is not final until disposition of any further motion for rehearing and/or motion for rehearing en banc. Any previously-filed motion for rehearing en banc is deemed moot.

_____

No. 3D15-1821
Lower Tribunal No. 10-674-K

_____

## John McGrath,
Appellant,

vs.

## Robert Martin, Jr., et al.,
Appellees.

An appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

The Corona Law Firm, P.A. and Ricardo Corona, for appellant.

Johnson Law Group and Michael E. Wargo (Boca Raton), for appellees.

Before SUAREZ, C.J., and LAGOA and SCALES, JJ.

ON MOTION FOR REHEARING

SUAREZ, C.J.

John McGrath moves for rehearing of this Court's October, 2016 Order which denied Appellant's motion to file an amended notice of appeal and

extension of time and granted Appellee's motion to dismiss the appeal. For the reasons stated below we grant the Appellant's motion for rehearing and we withdraw the prior order and issue the following corrected order.

We find the Motion for Rehearing filed in the trial court tolled the time to file the present appeal of the trial court's dismissal for lack of prosecution. We deny Appellee's Motion to Dismiss the Appeal. See De La Osa v. Wells Fargo Bank, N.A., 206 So. 3d 259 (Fla. 3d DCA 2016); Patton v. Kera Technology, 895 So. 2d 1175, 1178 (Fla. 5th DCA 2005) ("a successor judge entered an order dismissing the case, without prejudice, for lack of prosecution. . . . . Appellants filed a motion for rehearing, reconsideration and clarification, which the court denied and this appeal followed."); Churchville v. Ocan Grove R.V. Sales, Inc., 876 So. 2d 649, 651 (Fla. 1st DCA 2004) ("The 'Final Order Granting Defendant's Damon/Reliance's 9/8/03 Motion to Dismiss for Lack of Prosecution,' entered on October 28, 2003 is a final order from which appellants failed to timely appeal or to move the lower court for rehearing."[e.s.]); Cape Royal Realty v. Kroll, 804 So. 2d 605, 606 (Fla. 5th DCA 2002) ("We find that Kroll's motion to set aside the order of dismissal for lack of prosecution . . . . was intended to operate as a Rule 1.530 motion for rehearing. Upon the timely filing of a petition for rehearing (as was done in the instant case), the rendition of the final order is suspended and the

trial court has the power and authority to completely alter or change its final judgment.").

We also deny Appellant's Motion to file an Amended Notice of Appeal as unnecessary.

> It is important to note that an order on a motion that suspends rendition is not itself appealable. The effect of the motion is merely to delay the running of the time to appeal the original final order or judgment. For example, if a party has filed a timely and authorized motion for rehearing, the motion would delay the time for taking an appeal from the final judgment to which the motion was directed. The order on the motion for rehearing is not appealable, it merely marks the beginning of the new time period for taking an appeal from the original final order or judgment and cases cited therein.

2 Fla. Prac., Appellate Practice § 2:4 (2016 ed.)