# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

In the Interest of S.W., a child.

_____

GUARDIAN AD LITEM OFFICE,

Petitioner,

v.

V.C., C.C., and J.W.,

Respondents.

No. 2D2024-2867
_____

July 25, 2025


Petition for Writ of Certiorari to the Circuit Court for Pinellas County; Christopher LaBruzzo, Judge.

Sara Elizabeth Goldfarb and Laura J. Lee of Appeals of Statewide Guardian ad Litem Office, Tallahassee, for Petitioner.

Ilene F. Tuckfield of Ilene F. Tuckfield, P.A., Coral Gables, for Respondents V.C. and C.C.

Ita M. Neymotin, Regional Counsel, Second District, and David C. Chafin, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Clearwater, for Respondent V.C.

NORTHCUTT, Judge.

The Guardian Ad Litem Office (GAL) has filed a petition for writ of certiorari on behalf of S.W., a child who is the subject of an ongoing dependency proceeding. We must dismiss because the petition is untimely.

For reasons not germane here, the Department of Children and Families sheltered S.W. shortly after her birth. S.W.'s mother, V.C., is married to another woman, C.C., but the couple separated long before S.W. was born. What remains of that marriage is C.C.'s only connection to the child. When S.W. was sheltered, C.C. declined the Department's offer to place the child with her, and she has endeavored to minimize her involvement in this matter notwithstanding that she repeatedly has been characterized as S.W.'s legal parent in the dependency case.

Conversely, S.W.'s biological father, J.W., although not listed on the birth certificate, acknowledges that S.W. is his daughter. He has attended the hearings in the dependency proceeding, and he wishes to undertake parental responsibility for her. The parties have never questioned his paternity, which has been confirmed by a DNA test during the proceedings below.

The GAL has filed in this court a certiorari petition contending that the circuit court's designation of C.C. as S.W.'s legal parent is "not permitted by the common-law presumption of legitimacy," which it contends is inapplicable when the mother's spouse is a woman. *See Simmonds v. Perkins*, 247 So. 3d 397, 398 (Fla. 2018) (recognizing that there is a "common law presumption that the mother's husband is the legal father of a child born to an intact marriage"). The GAL complains that this improper designation underlies the court's erroneous determination that J.W. cannot establish his parentage of S.W., or

2

assume corresponding parental rights and responsibilities, unless or until either V.C. and C.C. divorce or C.C. obtains an order disestablishing her legal parenthood.[1]

However, the limited record furnished in the appendix to the GAL's petition reflects that the circuit court designated C.C. as S.W.'s legal parent or "legal mother" at least as early as its July 10, 2024, order continuing an arraignment, and it repeatedly treated her as such in all subsequent orders.[2]  On September 23, the GAL filed a motion to "Correct Erroneous Factual Findings as to Legal Parent" in which it asked the court to "vacate all factual findings referencing [C.C.] as a legal parent in this proceeding."  The court denied the motion in an order dated November 27.  The GAL filed a certiorari petition on December 19, asking us to quash that order.

Under Florida Rule of Appellate Procedure 9.100(c)(1), a petition for writ of certiorari must be filed within thirty days of the rendition of the

---

[1] To the contrary, the Florida Supreme Court has explained that the common law presumption of legitimacy *does not* bar an action by a biological father to establish parental rights regarding a child born into an intact marriage.  *Simmonds*, 247 So. 3d at 400.  Rather, the presumption can be overcome for a clear and compelling reason that is based primarily on promoting the child's best interests.  *Id.* at 402.  Thus, "the biological father of a married woman's children has the right to bring an action to establish his parental rights as the father as long as he has 'manifested a substantial and continuing concern for the welfare of the children.' "  *Id.* at 401 (quoting *Kendrick v. Everheart*, 390 So. 2d 53, 61 (Fla. 1980)).  The *Simmonds* court observed that the action would be a hybrid of a declaratory judgment proceeding on the question whether the biological father should be recognized as the child's legal parent, and a proceeding under chapter 742 to determine issues concerning timesharing and child support.  *Id.* at 403 n.8.

[2] The appendix contains orders dated July 10, August 2, August 14, August 26, and October 23, 2024.

order to be reviewed.  That deadline is jurisdictional.  *See Excel Auto Grp., Inc. v. Ford Motor Credit Co.*, 777 So. 2d 1187, 1188 (Fla. 5th DCA 2001) (citing *Jones v. Cannon*, 750 So. 2d 108, 109 (Fla. 1st DCA 1999)).

Since the circuit court designated C.C. as S.W.'s legal parent on July 10, 2024 (insofar as the GAL's appendix reflects), a petition seeking certiorari review of that allegedly erroneous ruling could only have been filed within the ensuing thirty days.  The GAL's September 23 motion to revisit the matter could not revive the expired jurisdictional period.  *See Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008) (holding that an expired period for seeking certiorari cannot be revived by obtaining a new order to same effect as the original); *see also Gabarro v. Well Groomed Gentleman, Inc.*, 381 So. 3d 583 (Fla. 3d DCA 2022) (table decision); *Arce v. Maher Guiley & Maher, P.A.*, 936 So. 2d 682, 683 (Fla. 5th DCA 2006).  Accordingly, we must dismiss the GAL's petition because we lack jurisdiction.

Dismissed.

SILBERMAN and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior publication.

4