DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICIA DAVID,**
Appellant,

v.

**GOV'T EMPLOYEES INS. CO.,**
Appellee.

No. 4D2024-2441

[February 25, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn R. Bell, Judge; L.T. Case No. 502017CA011229.

Christian Carrazana of George David P.A., Coral Gables, for appellant.

Adam A. Duke and Richard A. Weldy of Young, Bill, Boles, Palmer, Duke & Thompson, P.A., Miami, for appellee.

KUNTZ, C.J.

Patricia David appeals the circuit court's amended final judgment that was rendered on August 21, 2024. The amended final judgment adds the words "or cause to be paid" to the original judgment, a judgment rendered on January 5, 2024, and the notice of appeal was not filed until September 19, 2024.

Florida Rule of Appellate Procedure 9.110(b) requires that a notice of appeal be filed "within 30 days of the rendition of the order to be reviewed." Fla. R. App. P. 9.110(b). "Failing to file any notice within the 30 day period constitutes an irremediable jurisdictional defect." *Franchi v. Fla. Dep't of Com., Div. of Emp. Sec., Bd. of Rev.*, 375 So. 2d 1154, 1155 (Fla. 4th DCA 1979).

Here David did not file the notice of appeal until months after the original judgment was rendered. But David argues the amended final judgment reset the time to file the notice of appeal. We disagree. Where an amended final judgment does not materially change the judgment, the time to appeal is not extended by rendition of the second judgment. *Betts v. Fowelin*, 203 So. 2d 630, 632 (Fla. 4th DCA 1967).

The Florida Supreme Court has explained:

> An amendment or modification of an order or judgment in an immaterial way does not toll the time within which review must be sought. But where the modification or amendment materially changes the original order or judgment, the limitation period is said to run from the time of such modification or amendment.

*St. Moritz Hotel v. Daughtry*, 249 So. 2d 27, 28 (Fla. 1971). Here, the amended judgment did not materially change the original judgment. And even if it had, we have held that an appeal of an amended judgment should involve only those issues affected by the amendment. *Beal Bank, S.S.B., Inc. v. Sherwin*, 829 So. 2d 961, 962 (Fla. 4th DCA 2002) (citing *First Cont'l Corp. v. Khan*, 605 So.2d 126 (Fla. 5th DCA 1992)).

David's notice of appeal was not filed within thirty days of rendition of the original judgment. As a result, the appeal must be dismissed.

*Appeal dismissed.*

GROSS and GERBER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely-filed motion for rehearing.***