Falkenburgh v. Cramer.

The question depends altogether on the amount demanded by the parties; that alone is the sum in dispute, and it is immaterial whether it constitutes the whole account or whether it is a balance; provided it be under £12, the justice has jurisdiction. These distinctions are to be observed:

1st. If the demands of the plaintiff and defendant on each other do not exceed £12, the justice may adjudicate, let the sum of their respective accounts be what it may.

2d. If, on a summons for £12, or under, the plaintiff exhibits an account of £50, and gives credit for £40, and there is no demand beyond £12, set off by defendant, the justice may render judgment.

[31] 3d. If the items disputed by defendant exceed £12, the justice cannot proceed, though the plaintiff claims less than that sum.

4th. Where defendant claims above £12, and exhibits an account, and no circumstances justify the belief that it is done fraudulently, the justice ought not to proceed, but stay proceedings on the terms of defendant's suing in a higher court within a reasonable time.

In short, wherever the real subject in dispute exceeds £12, the justice has no jurisdiction; where it does not, he has, and the amounts of the respective accounts are immaterial.

In this case it does not appear the justice took cognizance of a demand on either side for a greater sum than came legally within his jurisdiction. It does not follow because £34 10s. was admitted to be a just account against the plaintiff, that the whole of this was therefore demanded by defendant; the verdict itself explicitly negatives such a presumption.

Judgment affirmed.

FALKENBURGH v. CRAMER.

Where the sum in dispute is greater than the law allows to be decided by a jury of *six* men, a judgment on a verdict of six, though the cause was submitted by consent, is erroneous.

---

Brewster v. Thompson.

---

This case was removed to the Supreme Court by *certiorari* directed to Justice Matthis. On the return it appeared the demand was for £11 19s. 11d., and a *venire* had issued for a jury of twelve men. At the trial *six* of the jurors only appeared, who, with the consent of parties, were sworn.

Verdict for plaintiff £8 11s., and costs and judgment accordingly.

PER CURIAM. Reverse the judgment; the consent of parties cannot avail against the express words of the act of the legislature.

---

[32]    BREWSTER v. THOMPSON.

Affidavit of one of the jurors as to the misconduct of the jury not admitted to impugn the verdict.

*Certiorari* to Justice Ogden.

The objection to the judgment in this case was, that the jurors cast lots for their verdict, which fact was proved by the affidavit of one of the jurors.

PER CURIAM. Other evidence of the fact alleged must be produced to the court. Take time to produce other testimony.

NOTE.—After a great variety of contradictory cases upon this point it seems to be now settled, that a juror shall not be allowed to prove the misconduct of the jury of which he is a member. See the case of *Lessee of Cluggage* v. *Swan*, 4 *Binney* 150, and particularly the very learned and conclusive opinion delivered by Mr. Justice Yeates, in which will be found collected all the cases upon the subject, both in the American and English books.

. CITED *in Kennedy* v. *Kennedy*, 3 *Harr.* 454-463; *Consumers' Coal Co.* v *Hutchinson*, 7 *Vr.* 25.