CITY OF NEWARK, PETITIONER-RESPONDENT, v.
CHARLES FISCHER, OR NORBET CORPORATION,
RESPONDENT-APPELLANT.

Argued December 19, 1949—Decided January 16, 1950.

*Mr. Walter Van Riper* argued the cause for the appellant (*Mr. Frederick C. Vonhof,* attorney).

*Mr. Charles Handler* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment of the Superior Court, Appellate Division, affirming a judgment of the Division of Tax Appeals, Department of the Treasury, which reversed the Essex County Board of Taxation and restored an assessment of $77,200 on certain land and improvements thereon located in the City of Newark. Certification was granted by this court pursuant to a petition therefor by the appellants.

The sole question involved relates to the timeliness of an appeal made by the City of Newark to the Division of Tax Appeals from the judgment of the Essex County Board of Taxation.

The question arises in the following manner:

The taxing district of the City of Newark, as of October 1, 1946, assessed certain improved real property known as 2-20 Orange Street, Block 11, Lot 1, in the name of appel-

lants, in the amount of $77,200 for the tax year 1947. Legal title was in The Trustees for the Support of Public Schools of the State of New Jersey and the appellants were in possession under an executory contract for the purchase thereof. The assessment was made pursuant to *R. S.* 54:4–1, *as amended by Chapter* 242, *Laws of* 1946, effective May 1, 1946, which provides "* * * * An executory contract for the sale of land, under which the vendee is entitled to or does take possession thereof shall be deemed, for the purpose of this act, a mortgage of said land for the unpaid balance of purchase price * * *."

On July 18, 1947, the appellants filed a petition of appeal with the Essex County Board of Taxation alleging that the assessment was improper and requesting that the assessment be cancelled. The petition referred to the assessment as being $79,200, whereas the assessment was $77,200.

On September 10, 1947, a hearing was held on said petition at which time the City of Newark pointed out to the County Board that the validity of an assessment against the same property for the year 1946 had been determined favorably to the City of Newark by the New Jersey Supreme Court on March 4, 1947, in litigation between the same parties. *Norbet Corporation v. Newark,* 135 *N. J. L.* 314 (*Sup. Ct.* 1947). That decision was later affirmed by the Court of Errors and Appeals on May 13, 1948. 137 *N. J. L.* 301 (*E. & A.* 1948). The County Board, nevertheless, filed a certificate of judgment granting a remittance of $79,200. The certificate of judgment was filed on October 30, 1947.

On November 14, 1947, the County Board, without further hearing or notice to the parties, filed a "corrected certificate," the context of which was exactly the same as the original certificate, filed on October 30, 1947, with the exception that the amount remitted was stated to be $77,200, this latter sum being the actual amount of the assessment.

On December 8, 1947, the City of Newark filed a petition of appeal with the Division of Tax Appeals appealing from the County Board's judgment. On October 15, 1948, a motion was made to dismiss the petition of appeal, on the ground that

it was not filed within one month of October 30, 1947, the date of the original judgment, as required by *R. S.* 54:2–39, as amended. This motion was denied on December 14, 1948, and the Division of Tax Appeals thereupon entered its judgment reversing the judgment of the County Board of Taxation and restored the assessment. On August 15, 1949, the Appellate Division affirmed the judgment of the Division of Tax Appeals. The present appeal is from the judgment of the Appellate Division.

The rationale of the Appellate Division's decision is that since the assessment was in the amount of $77,200, the County Board had no jurisdiction to grant a reduction in excess of that amount, that therefore the original judgment of October 30, 1947, remitting $79,200, was a nullity, that the only effective judgment was the corrected judgment of November 14, 1947, and that, accordingly, the City's appeal to the Division of Tax Appeals, under date of December 8, 1947, being within one month of the date of the corrected judgment, was timely taken.

We do not agree with the Appellate Division. *R. S.* 54:3–21, *as amended* provides that appeals from assessments may be made to the County Board of Taxation on or before August fifteenth. *R. S.* 54:3–26, *as amended* provides that the County Board shall hear and determine all such appeals, within three months after the last day for filing such appeals. *R. S.* 54:2–39, *as amended* provides that an appeal from a judgment of the County Board may be made to the Division of Tax Appeals "within one month from the date on which the county board of taxation shall have published the entry of judgment or within one month from the date fixed for final decisions by the county boards, whichever date shall be earlier  *  *  *." It appears from the above statutory provisions that a county board is required to determine all appeals on or before November 15th and that an appeal therefrom must be taken within one month from the date the entry of judgment is published or within one month from November 15th, whichever is earlier. The appeal by the City under date of December 8, 1947, was made within one month from No-

vember 15th, but since the judgment of the County Board was published prior to that date, the inquiry to be pursued is whether the City's appeal was made within one month from the date the County Board's entry of judgment was published. The answer to this inquiry is dependent upon whether the date of judgment is considered to be October 30, 1947, when the original judgment was filed, or November 14, 1947, when the corrected judgment was filed.

The County Board had jurisdiction of the subject matter and pursuant to *R. S.* 54:3–22, *as amended* was vested with the power to "revise and correct the assessment in accordance with the true value of the taxable property." This power necessarily includes the right to cancel the assessment entirely where the property is determined to be not taxable.

The petition to the County Board sought a cancellation of the entire assessment on the theory that the property was not taxable; the fact that the amount of the assessment was incorrectly stated therein is immaterial. The original judgment in substance and effect cancelled the whole assessment; here again, so long as the entire assessment was cancelled the amount involved was immaterial.

It is manifest that the corrected judgment did nothing more than correct a clerical error which appeared in the original judgment, by changing the amount of the assessment and the remittance from $79,200 to $77,200. The making of such a correction for the purpose of having the figures in the judgment comply with the actual assessment did not materially change the judgment nor did it involve any exercise of discretion. The substance of the corrected judgment was exactly the same as the original judgment; the rights or status of the parties were not changed by it.

██ ██ Since the corrected judgment related solely to the correction of a clerical error, such correction had no effect on the running of the time within which an appeal should have been taken. The general rule is that where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment, but where an

amendment relates solely to the correction of a clerical or formal error in a judgment it does not toll the time for appeal. 3 *Am. Jur., Appeal and Error, par.* 437, at *page* 17 of 1949 *Cum. Supp.;* Annotation on time for taking appeals, 80 *Law Ed., U. S. Supreme Court Reports,* 1121, at 1126; *George v. Bekins,* 189 *P.* 2d 301 (*Calif. Dist. Ct. of App.* 1948).

The basic contention of the City is that the County Board was in error in cancelling the assessment. Since the original judgment cancelled the assessment as effectively as did the amended judgment, the City could have obtained the desired relief, of having the assessment reinstated, by an appeal from the original judgment of October 30, 1947. We are in accord with the doctrine which is stated in *George v. Bekins, supra,* as follows:

"* * * if a party can obtain the desired relief from a judgment before it is amended, he must act—appeal therefrom—within the time allowed after its entry. If the amendment materially and in a substantial respect affects the judgment and the rights of a party against whom it is rendered and a party desires relief therefrom he must appeal from the corrected judgment within the time allowed after entry thereof."

It follows that the City's appeal from the County Board's judgment could and should have been made within one month from October 30, 1947, pursuant to *R. S.* 54:2–39, *as amended* and that its delay in filing such appeal until December 8, 1947, was fatal. The right of appeal to the Division of Tax Appeals is purely statutory and all applicable statutory requirements must be complied with to sustain such appeal. *Hackensack Water Co. v. Division of Tax Appeals,* 2 *N. J.* 157 (1949).

The judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT and BURLING—5.

*For affirmance*—Justice WACHENFELD—1.