HOPKINS, J. T. C.
Plaintiff has filed a letter, which will be treated as a motion to relax the Rules under R. 1:1-2, wherein it requests that this court enter a judgment incorporating an agreed assessed value for the tax year 1979, which year had not been appealed to this court, or, in the alternative, to permit the late filing of an appeal from the County Board judgment for 1979.
The facts show that the plaintiff timely appealed a judgment of the Essex County Board of Taxation relative to the assessed value of the property involved for the tax year 1978. Subsequently, a petition relative to the tax year 1979 was filed with the County Board wherein the parties stated that an appeal from the tax year 1978 judgment was pending with the State Division of Tax Appeals and that there had been no change in the value of the property since October 1, 1979. The petition further stated:
“Petitioner therefore requests that all testimony adduced at any hearing before the Essex County Board of Taxation, resulting in the Judgment under appeal, and exhibits admitted in evidence at such hearing, shall be the evidence in support of and in defense to the pending petition for the year 1979; such *27 testimony and exhibits to be considered by the Board as if the matter has been presented at the hearing for determination of the appeal for the year 1979.”
Said petition was endorsed on behalf of the taxing district.
Under date of September 25, 1979, the County Board issued a judgment sustaining the original 1979 assessment. The plaintiff did not file a complaint with the Tax Court as to that judgment.
Under date of December 3,1979, the parties were advised that a pretrial hearing on the 1978 tax year case was scheduled for January 23, 1980, before the Tax Court. That hearing was adjourned until April 25, 1980.
Plaintiff’s pretrial memorandum, dated April 24, 1980, stated that the case involved an appeal from the real estate taxes for both 1978 and 1979. That memorandum was filed with the Court subsequent to the expiration of the appeal period for 1979. The pretrial order, however, did not specifically designate the tax years involved in the appeal. The order did state that the parties had stipulated the original assessments for 1978 and 1979.
On the scheduled trial date, the parties, in open court, read an agreed upon settlement into the record. Said settlement was to cover both 1978 and 1979. When questioned by the Court as to whether there had been an appeal of the County Board judgment for 1979, it was learned that no appeal had been filed.
Under the above facts, the plaintiff has requested, with the endorsement of the defendant, that this Court entered a stipulated judgment for 1979 or, in the alternative, permit a late filing of a complaint to appeal the County Board judgment for 1979.
It should be specifically noted that the application of the Freeze Act, N.J.S.A. 54:2-43, to the tax year is not here at issue.
Rule 8:4-1 is based on N.J.S.A. 54:2-39. That statute, in pertinent part, reads as follows:
“Any party who is dissatisfied with the judgment of the county board of taxation upon his appeal may seek review of that judgment in the Tax Court by filing a complaint with the Tax Court, pursuant to rules of court, within 45 days of the service of the judgment of the county board, and the Tax Court shall hear and determine all such matters and render its judgment thereon.”
*28 As the filing period is statutory, plaintiff’s reliance on R. 1:1-2, which authorizes the court to relax the rules, is inappropriate. This court has specifically passed on that issue. See Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979).
Our Supreme Court has recognized that “[t]he right of appeal to the Division of Tax Appeals [forerunner of the Tax Court] is purely statutory and the appellant is required to comply with all applicable statutory requirements...” General Trading Co. v. Taxation Div. Director, 83 N.J. 122,127, 416 A.2d 37 (1980) (citations omitted). Furthermore, the cases have consistently held, virtually from the inception of the statute to the present, that the failure to file a timely appeal is a fatal jurisdictional defect. See Poll v. City of Plainfield, 25 N.J.Misc. 325, 53 A.2d 366 (Div.Tax.App.1947); City of Newark v. Fischer, 3 N.J. 488, 70 A.2d 733 (1950); Suburban Dept. Stores v. East Orange, 47 NJ.Super. 472, 136 A.2d 280 (App.Div.1957); Danis v. Middlesex Cty. Bd. of Taxation, 113 NJ.Super. 6, 272 A.2d 542 (App.Div.1971); Anaconda Co. v. Perth Amboy, 157 NJ.Super. 42, 384 A.2d 531 (App.Div.1978), certif. granted on unrelated issue and remanded to Div. of Tax. App., 81 N.J. 55, 404 A.2d 1155 (1979). Since the legislature has had ample opportunity to reverse the rule, and has not done so, it must be deemed to consent.
It should be noted that the cases cited above generally deal with appeals from the County Board to the Division of Tax Appeals, an administrative body. The plaintiff properly pointed out that the Tax Court, as a judicial body, has greater power to relax time limitations than the Division of Tax Appeals, an administrative body. This court has held in Prospect Hill Apts, v. Flemington, supra, which was concerned with the statutory time period for filing a direct appeal under N.J.S.A. 54:3-21, that the statutory limitation period could be tolled only where it would serve the underlying legislative purpose. The underlying purpose of both N.J.S.A. 54:3-21 and 2-39 is the same. Here, also, I find that tolling would not serve that purpose.
*29 The plaintiff also relies upon R. 4:25-l(b) as follows:
. . . When entered, the pretrial order becomes part of the record, supersedes the pleadings where inconsistent therewith, and controls the subsequent course of action unless modified at or before the trial...
Recognizing the broad authority granted by the Rule, it still does not extend to permitting a pretrial order to encompass a subsequent tax year in which the statutory appeal period has expired. Each annual assessment of property for taxation is a separate entity, distinct from the assessment of the previous or subsequent year. Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 103, 89 A.2d 385 (1952); Hackensack Water Co. v. Div. of Tax Appeals, 2 N.J. 157, 162, 65 A.2d 828 (1949). See also, Salem v. Salem Cty. Bd. of Taxation, 1 N.J.Tax 462 (Tax Ct.1980), wherein it was stated that the general rule is that “tax determinations be subject to review in a mandatory manner in strict conformity with statutory time limitations. ... ” [M at 464]
Plaintiff also argues that, as both parties consent to the filing out of time, the jurisdictional bar is lifted. However, as pointed out in Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct.1979), underlying the substantive, jurisdictional nature of statutory tax deadlines is the separation of powers doctrine “which precludes the members of one branch of government from exercising any of the powers properly belonging to either of the other branches, and which has been held to mean that a clear and unambiguous statute is not open to construction by the courts.” Id. at 176, 1 N.J.Tax 213, 411 A.2d 479. Thus, two private parties cannot confer, by agreement, powers upon this court which it constitu tionally does not have. State v. Osborn, 32 N.J. 117, 160 A.2d 42 (1960). This is a rule which has been affirmed by the courts of this State from as far back as 1790, Falkenburgh v. Cramer, 1 N.J.L. 35 (Sup.Ct.1790), up until its most recent re-affirmation in Peper v. Princeton University Bd. of Trustees, 77 N.J. 55, 389 A.2d 465 (1978).
Accordingly, even if plaintiffs pretrial memorandum was sufficient to be considered a complaint, it was served and filed out of time, and this court has no jurisdiction to permit an untimely appeal of the 1979 tax year.
*30 Plaintiff will submit an order in accordance with the above pursuant to R. 4:42-1.