LARIO, J. T. C.
The taxing district of Hi-Nella has filed a motion to dismiss the taxpayer’s complaint as having been filed out of time. The original assessment for the tax year 1980 on the premises in question, Block 2, Lot 13, was:
Land: $ 73,200
Improvements: $ 417,100
Total: $ 490,300
Plaintiff appealed this assessment to the Camden County Board of Taxation, after which a hearing was held and decision was reserved. Subsequently, plaintiff received a judgment from the county board of taxation advising that judgment was entered as follows:
*416 Land: $ 73,200
Improvements: $ 686,800
Total: $ 760,000
This county board judgment was dated October 16,1980 and a copy thereof was forwarded to plaintiff’s attorney. The exact date that the copy of this judgment was mailed by the board or received by plaintiff’s attorney is not known; however, he concedes that he received it shortly after the date shown thereon.
Since the amount of the assessment stated on the judgment was higher than the original assessment and since the taxing district had not requested an increase before the county board, upon receipt of this judgment plaintiff’s attorney immediately telephoned the county board’s office and advised it that the judgment was apparently in error. During this telephone conversation he was advised that the judgment was erroneous and a corrected judgment would be mailed to him.
Shortly thereafter, the exact date not appearing, a new judgment was sent out which was also dated October 16, 1980. The date this judgment was received by plaintiff’s attorney also is not certain although it was between the date of his telephone call and November 10, 1980.
This judgment was also incorrect in that it stated:
Land: $ 73,200
Improvements: $ 417,100
$ 760,000 Total:
Upon receipt of this second erroneous judgment plaintiff’s attorney wrote a letter to the county board, dated November 10, 1980, calling the board’s attention to this second error. Thereafter, the county board issued a third judgment, dated November 12,1980. It was received by plaintiff’s attorney on November 17, 1980. This third judgment for the first time correctly listed the assessment figures as intended by the county board, which were as follows:
*417 Land: $ 73,200
Improvements: $ 417,100
$ 490,300 Total:
Plaintiff filed its appeal with this court on December 4, 1980, which was followed by the instant motion wherein defendant contends that since more than 45 days elapsed between October 16, 1980, the date of the judgment, and December 4, 1980, the date of filing, this complaint is out of time and, therefore, this court lacks jurisdiction.
The right of appeal to this court is purely statutory and the appellant is required to comply with all applicable statutory requirements. Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157, 164, 65 A.2d 828 (1949). Timely filing of a complaint with this court is essential for this court to have jurisdiction of the appeal. Newark v. Fischer, 3 N.J. 488, 492-493, 70 A.2d 733 (1950); Prospect Hill Ap’ts v. Flemington, 1 N.J.Tax 224, 227-228 (Tax Ct. 1979).
N.J.S.A. 54:2-39 in relevant part provides that any party may seek review of a county board judgment in this court by filing “a complaint with the Tax Court, pursuant to rules of court within 45 days of the service of the judgment of the county board....”
Pursuant thereto, this court adopted R. 8:4-l(a)(2) which states that a complaint to review an action of the county board of taxation shall be filed “within 45 days of the service of the judgment of the County Board of Taxation. Service, when by mail, shall be deemed complete as of the date the judgment is mailed, subject to the provisions of R. 1:3-3.” R. 1:3-3 allows a party served by mail an additional three-day period of time within which to take action.
Based upon the above statutory provisions and rules, plaintiff had 45 days from the date the judgment was mailed, plus the extended three days, to file its appeal. By accepting defendant’s proposed starting date, the issuance of the initial judgment, the final date an appeal could have been lawfully filed was December 3, 1980, thereby resulting in plaintiff’s appeal being out of time by one day.
*418 Plaintiff, to the contrary, contends that the 45-day limitation period is to be calculated from the date of the final corrected judgment, November 12, 1980, whereby his complaint would be timely filed.
The issue now formed is whether the time for appeal began to run from the date of the original incorrect judgment or from the date of either of the corrected judgments.[1]
The law covering this issue was clearly enunciated by our Supreme Court in Newark, supra, wherein it stated:
The general rule is that where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment, but where an amendment relates solely to the correction of a clerical or formal error in a judgment it does not toll the time for appeal. 3 Am.Jur., Appeal and Error, par. 437, at page 17 of 1949 Cum.Supp., Annotation on time for taking appeals, 80 Law Ed., U.S. Supreme Court Reports, 112], at 1126; George v. Bekins, [83 Cal.App.2d 478] 189 P.2d 301 (Calif.Dist.Ct. of App.1948). [3 N.J. at 492-493, 70 A.2d 733]
In Newark the judgment appealed from was also a judgment of a county board of taxation. In its appeal the taxpayer alleged that the assessment was improper and requested that it be cancelled. Plaintiff’s petition erroneously referred to the assessment as being $79,200, whereas the actual assessment was $77,200. The county board filed a certificate of judgment “granting a remittance of $79,200.” Two weeks later it filed a corrected certificate, the context of which was exactly the same as the original except the amount of assessment remitted was stated to be $77,200, being the actual amount of the assessment. The court held that because the taxpayer received a cancellation of the entire assessment, based on the theory that the property was not taxable, the original judgment in substance cancelled the entire assessment and the amount involved was immaterial. *419 It concluded that the corrected judgment related solely to the correction of a clerical error; therefore, such correction had no effect on when the time for appeal began.
In the instant appeal the issue involved is the amount of the assessment. The first judgment incorrectly stated the amount of the assessment as $269,700 higher than the conclusion determined by the county board. The determination was the crux of the issue under appeal; therefore, the amount of the assessment was absolutely material thereto.
In Springfield Tp. v. Weinberg, 178 N.J.Super. 83, 428 A.2d 115 (App.Div.1981), the court recognized, in relation to the assessment of real property, that at stake is the ultimate total tax dollar to be charged thereto, and declared (at 91, 428 A.2d 115): “The petition of appeal and the form of county board judgment both require that the total assessment be addressed as well as each of its components, since the ultimate question of fact to be determined is the true value of such property as a whole.”
The fact that the total assessment listed in the initial judgment was higher than the original assessment does not necessarily indicate that the judgment figure was a clerical error. Although no appeal was filed by the taxing district before the county board, nevertheless, there are situations where the county board may be justified in increasing the original assessment. N.J.S.A. 54:3-22(c); Devonshire Develop. Ass’n v. Hackensack, 2 N.J.Tax 392, 407 (Tax Ct. 1981).
The sole issue involved in this taxpayer’s appeal to the county board was the correct amount of its assessment which attempted to resolve that very issue; therefore, the amendments thereto were material and substantial corrections.
Consequently, plaintiff’s time for appeal did not begin to run until the judgment with the correct assessment was issued.
Defendant’s motion for summary judgment is denied.

lf the time for appeal does not begin to run from the date of the original judgment, plaintiffs appeal is within the time limitation set by either of the two corrected judgments.