**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1579

_____

LUIS DE JESUS,
Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-14-cv-06494)
District Judge: Hon. Claire C. Cecchi

_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2020

Before: AMBRO, MATEY, and ROTH, *Circuit Judges*

(Filed:  March 12, 2020)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Luis De Jesus seeks a writ of habeas corpus to challenge his convictions for felony murder and aggravated assault. The District Court dismissed his petition as untimely, a decision we will affirm.

## I. BACKGROUND

In July 1998, a fight left one person dead and several more injured. As a result, De Jesus was charged with, and found guilty of, felony murder and aggravated assault. Following sentencing, the Appellate Division of the New Jersey Superior Court affirmed De Jesus's convictions. But it held the trial court erroneously applied New Jersey's No Early Release Act ("NERA") when sentencing De Jesus for felony murder. It also held that the sentencing court needed to explain its reasoning for imposing consecutive sentences for aggravated assault.

After the New Jersey Supreme Court denied De Jesus's petition for certification, De Jesus was resentenced on May 17, 2005. De Jesus did not appeal his resentencing. Instead, he petitioned for post-conviction relief, which the Superior Court denied. The Appellate Division affirmed that denial, and the New Jersey Supreme Court again denied review.

On October 20, 2014, De Jesus filed a § 2254 petition in federal court. The District Court dismissed that petition as untimely, but gave De Jesus "30 days [to] present arguments . . . as to why [he] is entitled to equitable tolling, or any other argument regarding

2

the timeliness of [his] Petition." (App. at 2.) Declining that opportunity, De Jesus noticed his appeal to this Court on March 8, 2017.[1]

## II. DISCUSSION

### A. De Jesus's § 2254 Petition Was Untimely

Petitions filed under 28 U.S.C. § 2254 are subject to a one-year statute of limitations that begins running on "the date on which the judgment [at issue] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The District Court calculated that De Jesus's conviction became final on September 2, 2004, ninety days after the New Jersey Supreme Court first denied review, when De Jesus could no longer petition the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009); 28 U.S.C. § 2101(c). But that analysis did not consider De Jesus's resentencing on May 17, 2005. Because De Jesus did not appeal his new sentence, his conviction became final on July 1, 2005, *see* N.J. Ct. R. 2:4-1 (providing a 45-day appeal period), making his § 2254 petition due by July 1, 2006. Yet the extra time does not help, since his October 2014 petition was still more than eight years too late.[2]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and exercise plenary review over the District Court's timeliness determination. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

[2] Section 2254's statute of limitations is tolled when "a properly filed application for State post-conviction . . . review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). De Jesus filed a PCR petition on August 16, 2006. Although this petition was timely under state law, *see* N.J. Ct. R. 3:22-12 (providing a five-year statute of limitations for PCR petitions), the District Court held that it had no tolling effect because it was filed after the expiration of § 2254's limitations period. Correcting the District Court's error does not bring De Jesus's

**B.    De Jesus is Not Entitled to Equitable Tolling**

Perhaps recognizing this, De Jesus appropriately concedes his petition is late. (*See* Opening Br. at 17 ("DeJesus' federal habeas petition appears to be technically untimely[.]").) Instead, he argues that the District Court should have equitably tolled the limitations period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that § 2254's limitations period "is subject to equitable tolling in appropriate cases"). We disagree.

First, De Jesus waived this argument when he declined the opportunity—one might say the invitation—to raise it earlier. (*See* App. at 2 (District Court order dismissing De Jesus's § 2254 petition without prejudice, noting that De Jesus "may, within 30 days of the date of entry of this Order, present arguments, . . . as to why [he] is entitled to equitable tolling, or any other argument regarding the timeliness of [his] [p]etition[.]").)

Second, De Jesus offers no reason why he is entitled to tolling. *See Holland*, 560 U.S. at 649 ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)). He argues that he was unaware of his May 17, 2005 resentencing and that the judgment entered following it "was never docketed." (Opening Br. at 29.) But the transcript of that proceeding reveals

---

PCR petition within the one-year federal limitations period. August 16, 2006, after all, is more than one year after July 1, 2005. In any event, De Jesus does not argue that the filing of his PCR petition should have any effect on our analysis.

4

that he was in fact in attendance and was informed that he had 45 days from that date to appeal.[3]

Finally, he argues that he deserves an evidentiary hearing to establish his innocence. While a potential "miscarriage of justice" can excuse § 2254's statute of limitations, this exception applies only where "new evidence shows it is more likely than not that no reasonable juror would have convicted" the petitioner. *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (internal quotation marks omitted). De Jesus, however, does not allege any facts that would support this claim.

### III. CONCLUSION

Because De Jesus's § 2254 petition was untimely, and because his argument in favor of equitable tolling is both waived and unmeritorious, we will affirm the District Court's order dismissing that petition.

---

[3] De Jesus notes that this judgment fails to reflect the Superior Court's cure of its NERA sentencing error. But the correction of that clerical error in 2014 did not restart the time to appeal his resentence or extend the time to file a § 2254 petition. *See City of Newark v. Fischer*, 70 A.2d 733, 735 (N.J. 1950) ("The general rule is that . . . an amendment relat[ing] solely to the correction of a clerical or formal error in a judgment . . . does not toll the time for appeal.").