NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

February 5, 2021

Via eCourts
Christopher J. Connors, Esq.
Dasti, Murphy, McGuckin, Ulaky,
Koutsouris & Connors

Isabelle Barroqueiro Rossi
Island Heights, NJ

>   Re:   Rossi v Island Heights Borough
>           Docket No. 011929-2020

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction. As discussed more fully below the court grants defendant's motion.

## I.   Statement of Facts and Procedural History

On July 27, 2020 the Ocean County Board of Tax Appeals ("County Board") issued a judgment reducing the 2020 real property tax assessment of the real property known as Lot 1.01 in Block 18 on the tax map of the Island Heights Borough as follows:

|  | Original Assessment |  | Judgment |
|---|---|---|---|
| Land - | $177,500 | Land - | $177,500 |
| Improvement - | $154,300 | Improvement - | $148,300 |
| Total | $331,800 | Total | $325,800 |

The resulting memorandum of judgment was signed by the County Board Commissioners and attested to by the Ocean County Tax Administrator on the same date. A stamped date on the


\*







memorandum of judgment indicates the date of mailing as July 27, 2020. The memorandum of judgment is addressed, for the purposes of mailing, to: "Barroqueiro-Rossi, Isabelle, 304 Lexington Ave., Toms River, NJ 08753."

Isabelle Barroqueiro-Rossi ("plaintiff") filed a complaint contesting the action of the County Board on October 26, 2020. A deficiency notice was sent to plaintiff on October 28, 2020, requiring plaintiff to provide a copy of the memorandum of judgment issued by the County Board. On November 12, 2020, plaintiff submitted the required memorandum of judgment.

On November 23, 2020 defendant filed the within motion to dismiss plaintiff's complaint for lack of jurisdiction, asserting that plaintiff's complaint was not filed within the time provided by N.J.S.A. 54:51A-9. Plaintiff filed a certification in opposition to the motion in which she certifies that "[d]ue to severe hardship from Covid-19 restrictions and effects (sic) with [c]hildren's schooling schedule and demands, work obligations and other personal and family obligations" defendant's motion should be denied. Plaintiff further certifies that "[t]hese hardships limited my time and therefore I submitted my paperwork late."

## II. Conclusions of Law

The Tax court is a court of limited jurisdiction, defined by statute. McMahon v. City of Newark, 195 N.J. 526, 546 (2008) (citing N.J.S.A. 2B:13-2 and Union City Assocs. v. City of Union City, 115 N.J. 12, 23 (1989)). "Failure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 425 (1985) (citing Clairol, Inc. v. Kingsley, 109 N.J. Super. 22 (App. Div.), aff'd, 57 N.J. 199 (1970), appeal dismissed, 402 U.S. 902 (1971)). This is true even in the absence of harm to the defendant municipality. Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J. Tax 285 (App. Div. 1994).

A complaint seeking review of adjudication or judgment of the county board of taxation must be filed within 45 days of the service of the judgment. N.J.S.A. 54:51A-9(a). Service of judgment of a County Board of Taxation is deemed complete as of the date the judgment is mailed, subject to the provisions of R. 1:3-3. R. 8:4-1(a)(2). R. 1:3-3 provides "[w]hen service of notice or paper is made by ordinary mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period."

Thus, applying the foregoing rules to the matter at hand, assuming the memorandum of judgment was mailed on July 27, 2020, the date by which the complaint was required to be filed in Tax Court was Sunday, September 13, 2020. However, R. 1:3-1 provides that if the last day for which action is to be taken is a Saturday, Sunday or legal holiday, the period is extended until the end of the next day which is not a Saturday, Sunday or legal holiday. Thus, the last day for filing the complaint in this matter was Monday, September 14, 2020. Plaintiff's complaint in the tax court was not filed until October 26, 2020, well after the statutory deadline.

Plaintiff does not assert that she did not receive the memorandum of judgment. Instead plaintiff maintains that the demands placed upon her delayed her response to the complaint within the time required for her to act. Therefore, the court finds plaintiff's complaint is untimely which deprives this court of subject-matter jurisdiction to decide the merits of the complaint since filing deadlines are considered statutes of limitation in the Tax Court and are strictly enforced. Mayfair Holding Corp. v. Township of North Bergen, 4 N.J. Tax 41, 41 (Tax 1982) (granting defendant's motion to dismiss plaintiff's appeal for lack of jurisdiction because it was filed one day after the last day prescribed by statute for filing the appeal); Sun Life Assurance Co. of Canada v. City of Orange, 2 N.J. Tax 25, 28 (Tax 1980) (denying plaintiff's motion to relax the statutory filing deadlines even with the adversary's consent).

**CONCLUSION**

For the aforementioned reasons, the Township's motion is granted. Plaintiff's complaint is dismissed with prejudice.

Very truly yours,


Kathi F. Fiamingo, J.T.C.

4