**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1932-20

TARA WICKER,

    Plaintiff-Respondent,

v.

JAMES WICKER,

    Defendant-Appellant.

_____

Submitted September 13, 2022 – Decided October 7, 2022

Before Judges Sumners and Berdote Byrne.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0028-13.

Petrelli Previtera, LLC, attorneys for appellant (Sara B. Cohen, on the brief).

Patricia Ronayne, Esquire, PC, attorneys for respondent (Jaclyn Kasmaul, on the brief).

PER CURIAM

In this post-judgment dissolution matter, defendant James Wicker appeals from the trial court's July 27, 2021 order modifying his arrears and support obligations for his children. He also appeals from the trial court's April 15, 2021 orders amending his child support obligations from two previous orders. The previous orders include one denying defendant's request to emancipate the parties' then soon to be twenty-three-year-old daughter and recalculating his obligation for her, and another order granting plaintiff Tara Wicker's unopposed motion requesting defendant pay weekly support for their children. Because we conclude defendant's appeal of the emancipation issue is untimely, we affirm the trial court's ruling regarding emancipation and the denial of a plenary hearing. We also affirm the trial court's 2019 decision regarding college contribution because the appeal is untimely. However, we are constrained to remand, in part, the trial court's decision regarding the calculation of off-guidelines child support and financial maintenance for two of the children due to a lack of specific findings.

Because our ruling is based upon the timing of certain post-divorce motions, a detailed recitation of the procedural history is warranted. The parties

A-1932-20

share three children born of the marriage, Veronica,[1] age twenty-three as of the filing of this appeal on March 19, 2021,[2] Maria, age twenty-one-on March 19, 2021, and Martha, age twenty on March 19, 2021. The parties were divorced pursuant to a judgment of divorce (JOD), amended on December 17, 2013, which incorporated their partial property settlement agreement (PSA). In their partial PSA, the parties agreed to some of their obligations regarding the support of their children. The PSA specifically states:

> Pursuant to New Jersey case law, the parties' children shall consult with both parties regarding their choice of college which will include the cost of attendance to include tuition, room and board, meal plan, fees, etc. The children shall be obligated to obtain any and all scholarships and Stafford loans before determining each party's respective contributions.

The PSA also provides contribution for the children's medical expenses would be "based upon the parties' percentage share of income from line six (6) of the [Guidelines], which shall be determined by the [c]ourt." The remaining issues were tried and in an amended JOD, the judge calculated child support for all

---

[1] Fictitious names are used to protect the privacy of the parties' children.

[2] Defendant filed his initial appeal on March 19, 2021, and filed four subsequent amended notices of appeal on May 27, July 25, August 21, 2021, and February 28, 2022. The most recent amended notice of appeal from February 28, 2022, advised, per this court's instruction, the subjects of the appeal are the April 15 and July 27, 2021 orders.

A-1932-20

three children based on the Child Support Guidelines ("Guidelines")[3] and set defendant's child support obligation for the three children at $382 per week. That calculation was based on several findings, including plaintiff's gross weekly income of $593, defendant's gross weekly income of $4,292, defendant's alimony payment to plaintiff of $1,300 per week, and the number of overnights the children spent with each parent.

On January 25, 2019, the trial court entered an order requiring the parties to contribute a total of $15,000 per year per child toward college, with defendant paying 62% and plaintiff paying 38% in accordance with their percentage share of income, finding:

> [p]laintiff has provided the [c]ourt with the necessary proofs to satisfy the criteria set forth in the case of <u>Newburgh v. Arrigo</u>, 88 N.J. 529, 545 (1982), including [p]laintiff's certification that if both parents were still living with the children, both would have encouraged higher education for the parties' children. The parties' PSA supports that both parents envisioned the children's college education as part of the parties' expenses.

---

[3] The child support guidelines are governed by <u>Rule</u> 5:6(A) and set forth in Appendix IX(A) thereto (collectively, the "Guidelines"). Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX-A to <u>R.</u> 5:6A, www.gannlaw.com (2023). ("The guidelines set forth in Appendix IX of these Rules shall be applied when an application to establish or modify child support is considered by the court.").

A-1932-20

On May 28, 2020, plaintiff filed a motion to modify child support for the parties' two younger daughters and require defendant provide financial support for Veronica beyond her twenty-third birthday to allow her to complete her final year of college. In support, plaintiff certified defendant's current child support obligation did not reflect an upcoming change in circumstances because Veronica was about to become twenty-three years old, and Maria required an off-Guidelines[4] calculation of child support because she was residing at college.

Plaintiff asserted Veronica required the parties' continued financial support because she did not have the financial ability to support herself while finishing her last year of college due to her medical conditions and resulting learning disabilities. Plaintiff explained Veronica suffers from Neurofibromatosis Type 1, a genetic disease that causes learning disabilities and

---

[4] The guidelines make clear "If the guidelines are found to be inapplicable in a particular case, the court should consider the factors set forth in N.J.S.A. 2A:34-23 or N.J.S.A. 9:17-53 when establishing the child support award." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 3, www.gannlaw.com (2023). Our case law further instructs, when determining a parent's support obligation for a child attending college, Family Part judges should "balance the statutory criteria of N.J.S.A. 2A:34-23(a) and the Newburgh factors (collectively, "off-Guidelines") as well as any other relevant circumstances, to reach a fair and just decision whether and, if so, in what amount, a parent or parents must contribute to a child's educational expenses." Gac v. Gac, 186 N.J. 535, 543 (2006).

A-1932-20

benign tumor growth on nerve pathways, and because she received accommodations in college due to her learning disabilities, she was expected to graduate in May 2021. Plaintiff provided exhibits, including Veronica's budget, statement of liabilities, and both of their 2019 tax returns. Additionally, plaintiff requested defendant's off-Guidelines child support for Maria, who would be living away from home while enrolled in college, in the amount of $168 or 62% of her expenses, attaching supporting exhibits, including Maria's proof of full-time status at college, monthly budget, statement of liabilities, and 2019 tax return. Thirdly, plaintiff requested Guidelines-based child support for the parties' youngest child Martha and included an updated case information statement (CIS).

In response, defendant filed a cross-motion on June 25, 2020, seeking to deny plaintiff's motion, emancipate Veronica, and reduce his child support obligation. In his supporting certification, defendant claimed financial maintenance of a child beyond the age of twenty-three years old is available only if the child is completely disabled, he had no obligation to support Veronica because she was not completely disabled, and her delay in graduating from college by one year stemmed from a "lack of commitment." Defendant conceded Martha's child support should be calculated using the Guidelines. He challenged

6

plaintiff's income as represented in her CIS, claiming she should be imputed a full-time salary and her income should include the child support amount she was receiving. Defendant also challenged various line items in plaintiff's expenses and the children's budget. Defendant did not attach any exhibits but provided his updated CIS.

After considering oral arguments on July 10, 2020, the trial court entered an order on July 17, 2020, denying defendant's request to emancipate Veronica without prejudice. Citing N.J.S.A. 2A:17-56.67(e), the court stated:

> Nothing in this section shall be construed to 1) prevent a child who is beyond [twenty-three] years of age from seeking a court order requiring the payment of other forms of financial maintenance or reimbursement from a parent as authorized by law to the extent that such financial maintenance or reimbursement is not payable or enforceable as child support as defined in . . . N.J.S.A. 2A:17-56.52.

The court found plaintiff successfully rebutted the presumption of emancipation by showing Veronica had not yet graduated from college and was still attending, ordered defendant to contribute 62% of Veronica's and Maria's college and medical costs, and pay Guidelines-based child support for Martha in the amount of $399 per week. The court ordered Veronica's support to "terminate upon her graduation in May of 2021 or her twenty-fourth birthday, whichever comes first."

7

On August 31, 2020, defendant filed a notice of appeal, challenging the trial court's denial of his cross-motion to emancipate Veronica and the 62% contribution ordered for Veronica and Maria's college expenses. However, he failed to prosecute his appeal, and on September 25, 2020, we dismissed without prejudice for failure to prosecute.

Plaintiff then filed a motion on October 6, 2020, apparently to enforce[5] the July 17, 2020 order by calculating an actual amount to represent defendant's weekly off-Guidelines child support obligation for Maria and financial maintenance for Veronica. Plaintiff requested defendant pay child support in the amount of $168 per week for Maria and $168 weekly financial maintenance for Veronica. Defendant did not file opposition, yet at oral argument on December 7, 2020, plaintiff's counsel did not object to defense counsel's participation. Defense counsel stated he did not "argue against anything" plaintiff's counsel proposed but sought only clarification as to the finality of the court's July 17, 2020 denial of his cross motion "without prejudice" to emancipate Veronica. The trial court confirmed the July 17, 2020 order was a

---

[5] Plaintiff's motion does not specify she is seeking to enforce the previous order but also does not allege a change in circumstances.

final order.[6]  The judge also confirmed with defendant's counsel that his wages and expenses had not changed since his CIS was submitted.

On February 3, 2021, the trial court entered an order granting all of plaintiff's requested relief, ordering defendant pay $168 per week in off-Guidelines child support for Maria and $132 per week in off-Guidelines financial maintenance for Veronica, effective May 28, 2020.  His arrears for each child were calculated to be $5,880 and $4,620 respectively, and he was ordered to pay an additional $75 per week toward those arrears.  The trial court also restated, pursuant to the July 17, 2020 order, defendant's financial maintenance for Veronica's expenses would end upon her graduation in May

---

[6] Because post-judgment motions are allowed in the Family Part after entry of final judgment, Family Part judges often incorrectly designate a final post-judgment order "without prejudice" to alert the parties that certain issues, such as child support, custody, or emancipation, may always be reviewed by a trial court in the future upon a showing of changed circumstances.  Lepis v. Lepis, 83 N.J. 139, 148-49 (1980) ("The equitable authority of a court to modify support obligations in response to changed circumstances, regardless of their source, cannot be restricted.").  Although the record before us demonstrates the trial court's July 17, 2020 order was a final order on the issue of Veronica's non-emancipation, it is incumbent on the parties to request a finality letter from the trial court if unsure.

A-1932-20

2021, or her twenty-fourth birthday, whichever occurred first. Defendant's support obligation of $399 per week for Martha remained unchanged.[7]

This appeal followed. Defendant amended his appeal four times, finally clarifying he was appealing from the April 15 and July 27, 2021 orders. On appeal, defendant argues his obligation to support Veronica would continue after her twenty-third birthday only if she had a "severe mental or physical incapacity" that caused her continued financial dependence, citing N.J.S.A. 2A:17-56.67(e) and N.J.S.A. 2A:34-23(a). Alternatively, defendant argues the trial court failed to make the requisite findings of fact and a plenary hearing was necessary to determine the extent of Veronica's alleged incapacity.

Plaintiff argues the July 17, 2020 order denied defendant's request to declare Veronica emancipated, not the February 3, 2021, or either of the April 15, 2021 orders and claims defendant's appeal, filed on March 19, 2021, is untimely because it was not filed within forty-five days of July 17, 2020. Additionally, plaintiff argues the trial court did not abuse its discretion in denying the application for emancipation, contending N.J.S.A. 2A:17-

---

[7] On April 15, 2021, the judge sua sponte entered amended orders, reducing defendant's child support obligation for Martha from $399 to $348 pursuant to a Guidelines worksheet dated September 10, 2020. Defendant amended his appeal to include these April 15, 2021 orders.

56.67(f)(1) permits a court to extend financial maintenance for a reasonable period of time to permit a child to become self-sufficient, and the court properly considered Veronica had only one year of college left despite her learning disabilities and other medical issues. Finally, plaintiff also argues the trial court made necessary findings and acted within its discretion to decide this issue without a plenary hearing where no material facts were in dispute due to defendant's lack of evidence in his competing certification.

We agree defendant's appeal as to the issue of emancipation is untimely. The orders appealed from amended defendant's child support obligations and those unrelated modifications did not toll the time to appeal Veronica's non-emancipation. See Newark v. Fischer, 3 N.J. 488, 492-93 (1950) (recognizing "where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment," however "where an amendment relates solely to the correction of a clerical or formal error in a judgment it does not toll the time for appeal").

Although we recognize there may have been some confusion regarding whether the July 17, 2020 order was a final order given the trial court's insertion of the words "without prejudice" in the order denying emancipation, the

defendant's claim that he did not know it was a final order is belied by the record. On August 31, 2020, defendant filed an appeal of the July 17, 2020 order, thus understanding it to be a final order. We specifically asked him to provide a letter of finality, which he failed to do. Consequently, we dismissed his appeal of the emancipation issue for failure to prosecute. At no time did defendant attempt to file a motion to extend the time or amended notice of appeal from the July 17, 2020 order. Instead, months later, he appealed from the April 2021 order and July 27, 2021 orders, unrelated to Veronica's emancipation. His appeal is now untimely. See Lombardi v. Masso, 207 N.J. 517, 540 (2011) (citing R. 2:4-1) (recognizing appeal from final judgment "must be filed with the Appellate Division within forty-five days of its entry").

Defendant's subsequent failure to file opposition to plaintiff's motion that resulted in the February 3, 2021 order, failure to raise the issue of emancipation or lack of a plenary hearing in opposition or during oral argument of that motion, despite being afforded the opportunity to do so, and confirming the financial information in defendant's CIS submitted in support of the cross motion the year before, likewise precludes him from raising those issues on appeal now. The plain error rule applies to arguments raised on appeal not raised before the trial court. Rule 2:10-2 provides "[a]ny error or omission shall be disregarded by the

12

appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . . The mere possibility of an unjust result is not enough." State v. Funderburg, 225 N.J. 66, 79 (2016). The plain error standard requires a determination of "(1) whether there was error; and (2) whether that error was 'clearly capable of producing an unjust result,' R. 2:10-2; that is whether there is 'a reasonable doubt . . . as to whether the error led . . . to a result it otherwise might not have reached.'" State v. Dunbrack, 245 N.J. 531, 544 (2021) (quoting Funderburg, 225 N.J. at 79).

Even if defendant's confusion as to the finality of the July 17, 2020 order requires us to address the emancipation issue substantively, no error occurred and defendant's argument is without merit. Although there is a statutory presumption that a child reaches adulthood at eighteen, see N.J.S.A. 9:17B-3, and absent a court order to the contrary, a parent's obligation to support a child automatically ends at age nineteen, see N.J.S.A. 2A:17-56.67(a), it remains beyond cavil in this State that "[i]n certain situations, parents still have an economic duty to support children" beyond those ages. Ricci v. Ricci, 448 N.J. Super. 546, 572 (App. Div. 2017) (quoting Llewelyn v. Shewchuk, 440 N.J. Super. 207, 215 (App. Div. 2015)). The determination of whether an adult child is emancipated remains highly fact-sensitive. See Newburgh, 88 N.J. at 543. In

Ricci, we summarized a trial court's considerations when determining whether a child is emancipated. We stated:

> A determination of emancipation is a legal issue, imposed when the fundamental dependent relationship between parent and child ends. It is not automatic and need not occur at any particular age. When circumstances surrounding the parent-child relationship support a finding that the child is emancipated, the parent relinquishes the right to custody and is relieved of the burden of support, and the child is no longer entitled to support.
>
> . . . .
>
> [T]he essential inquiry is whether the child has moved beyond the sphere of influence and responsibility exercised by a parent and obtains an independent status of his or her own. A [judge]'s emancipation determination involves a critical evaluation of the prevailing circumstances including the child's need, interests, and independent resources, the family's reasonable expectations, and the parties' financial ability, among other things.
>
> [Ricci, 448 N.J. Super. at 571-73 (citation omitted).]

Applying these legal principles, the trial court concluded in July 2020 Veronica was not emancipated, conducting the required fact-sensitive review of the parties' and Veronica's circumstances, especially when viewed in concert with the court's January 25, 2019 decision, from which no appeal was taken. In the 2019 decision, the trial court considered the Newburgh factors and was

14

satisfied plaintiff demonstrated she and defendant were required to contribute to Veronica and Maria's college expenses. At the time the court considered its July 17, 2020 decision Veronica was due to graduate college in May 2021, only one year longer than originally expected, despite significant learning disabilities requiring accommodations and other medical challenges. Defendant conceded Veronica suffered from medical issues and learning disabilities and did not provide any evidence to the contrary, either in 2019 or 2020, to support his bald assertion that Veronica "lacked commitment," and no plenary hearing was necessary. See Lepis, 83 N.J. at 159 (recognizing whether a material fact is in dispute depends on affidavits and supporting documents of the parties and conclusory allegations are not considered). Veronica remaining unemancipated through May 2021 was supported by substantial, credible evidence in the record establishing she remained within her parents' sphere of influence and responsibility and had not yet obtained an independent status of her own. Defendant's reference to N.J.S.A. 2A:17-56.67(e) and N.J.S.A. 2A:34-23(a) is misplaced as those sections of the statute apply when a parent or guardian seeks lifetime, on-going support for a disabled person who has reached age 23. Plaintiff sought a specific end date for Veronica's support beyond age 23, as

A-1932-20

required by N.J.S.A. 2A:17-56.67, and the trial court set a date certain for the cessation of that support.

The remaining issues on appeal, the amount of Guidelines calculated support for Martha, and the off-Guidelines child support/financial maintenance calculations for Veronica and Maria, are properly before us. Contrary to the emancipation issue, defendant's child support obligation for Martha in the July 10, 2020 order was amended in a "material and substantial" respect in the April 15, 2021 order. See Newark, 3 N.J. at 492-93 (acknowledging "where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment").

The Guidelines are generally used in cases where child support is being calculated. R. 5:6(A). When a child support award is calculated in accordance with the Guidelines, there is a rebuttable presumption the award is correct "unless a party proves . . . that circumstances exist that make a [G]uidelines-based award inappropriate in a specific case." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 2, www.gannlaw.com (2023). The Guidelines aim to ensure fairness in child support awards. Caplan v. Caplan, 182 N.J. 250, 264-65 (2005).

Defendant does not argue the court's calculation of Martha's child support is wrong. Defendant argues, for the first time on appeal, the judge failed to "determine and outline the incomes of the parties" and did not provide her Guidelines worksheet in a timely manner. Clearly, the Guidelines worksheet delineated the incomes of the parties. Defendant confirmed his income at oral argument on December 7, 2020, and does not demonstrate any reason to disturb the court's calculation of his child support obligation for Martha. The trial court's calculation of Martha's Guidelines-based child support is affirmed.

We typically defer to factual findings made by Family Part judges when they are supported by "'adequate, substantial, credible evidence.'" Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Id. at 413. "Minimally adequate fact finding requires a discussion that demonstrates that the court has heard and addressed the relevant facts and claims under the controlling legal standards." Gordon v. Rozenwald, 380 N.J. Super. 55, 76-77 (App. Div. 2005) (citing Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001)). "A trial court's rulings in such matters are discretionary and not overturned unless the court abused its discretion, failed to consider controlling legal principles[,] or made findings

A-1932-20

inconsistent with or unsupported by competent evidence." Id. at 76. However, "all legal issues are reviewed de novo." Ricci, 448 N.J. Super. at 565.

"The payment of college costs differs from the payment of child support for a college student." Jacoby v. Jacoby, 427 N.J. Super. 109, 121 (App. Div. 2012); see Hudson v. Hudson, 315 N.J. Super. 577, 584 (App. Div. 1998) ("Child support and contribution to college expenses are two discrete yet related obligations imposed on parents."). "The Guidelines are not applicable when determining the parental obligation for child support of unemancipated college students . . . ." Raynor v. Raynor, 319 N.J. Super. 591, 614 (App. Div. 1999). "Although the child support needs are less in certain areas, such as room and board, arguably other necessary expenses may increase when a child goes to college." Jacoby, 427 N.J. Super. at 121. The trial court's findings in 2019 regarding college contribution, requiring the parties contribute a total of $15,000 per year per child toward college, with defendant paying 62% and plaintiff paying 38% in accordance with their percentage share of income cannot be disturbed (absent a demonstration of changed circumstances in the future) because this issue was not raised on appeal until now. However, the trial court's findings regarding the calculation of off-Guidelines child support for both children are lacking in sufficient findings. Off-Guidelines support cannot, by

definition, be based merely upon the 62% and 38% percentage share of income, as that is a line item in the Guidelines-specific calculation. Furthermore, off-Guidelines support requires the trial court consider which expenses are included in the college expenses and which are part of child support.[8] Although we recognize defendant did not oppose the motion that resulted in the February 3, 2021 order regarding off-Guidelines support, the court was required to make specific findings to support the calculations. "Even litigants who have not challenged a motion . . . are entitled to a recitation of the reasons for the granting (or denial) of relief. More significantly, even in an uncontested motion, the judge must consider whether undisputed facts are sufficient to entitle a party to relief." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 302 (App. Div. 2009).

Defendant's appeal of Veronica's emancipation and the parties' respective contributions to college costs for Veronica and Maria is untimely, and we affirm the trial court's prior orders regarding those issues. We also affirm the trial court's calculation of Guidelines-based child support for Martha. However, we conclude the off-Guidelines calculation of child support/financial maintenance

---

[8] When determining a parent's child support obligation for a child attending college, Family Part judges should "balance the statutory criteria of N.J.S.A. 2A:34-23(a) and the Newburgh factors, as well as any other relevant circumstances . . . . " Gac, 186 N.J. at 543.

for Veronica and Maria lack sufficient findings and are constrained to remand those calculations to the trial court to provide a statement of reasons and cure any deficiencies, consistent with the financial evidence available to the trial court at that time. Because defendant had an opportunity to oppose the motion but did not, and confirmed his financial information at oral argument, both parties are precluded from submitting new or additional financial evidence for the calculation of off-Guidelines support for Maria and financial maintenance for Veronica. Any current changes to financial circumstances are more properly the subject of a new motion for changed circumstances pursuant to Lepis but shall not affect the calculation of arrears.

In sum, we affirm the trial court's findings regarding the non-emancipation of Veronica, the calculation of college contribution for the children, and the Guidelines-based calculation of child support for Martha. We remand, in part, for specific findings regarding the off-Guidelines child support calculation for Maria and off-Guidelines financial maintenance for Veronica and the resulting arrears.

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1932-20